James **MOONEY, et al., Plaintiffs,**

v.

Charles **BRYMER, et al.,**
**Defendants-Third Party**
**Plaintiffs,**

v.

Michael **FRIERDICH,**
**Third-Party Defendant.**

No. 84–1272 C (4).

United States District Court,
E.D. Missouri.

Aug. 29, 1985.

Theodore D. Dearing, Dearing & Hartzog, Clayton, Mo., for plaintiffs.

Francis L. Ruppert, Ruppert and Benjamin, Clayton, Mo., for defendant.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on third-party defendant Michael Frierdich's motion to dismiss the third-party complaint for lack of personal jurisdiction, and on third-party plaintiff's request for an oral hearing.

This Court in a memorandum and order dated December 11, 1984, dismissed defendant Frierdich (now third-party defendant Frierdich) from this lawsuit for lack of personal jurisdiction. To date, there has been nothing added to the record that would indicate that third-party defendant Frierdich engaged in any activities within the state of Missouri so as to meet the minimum contacts requirement as set out in *Worldwide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1976), and *Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 311 (8th Cir.1982). Thus, the Court still lacks personal jurisdiction over third-party defendant Frierdich, and therefore, his motion to dismiss the third-party complaint will be granted. Accordingly,

IT IS HEREBY ORDERED that third-party defendant Frierdich's motion to dismiss the third-party complaint is GRANTED.

IT IS FURTHER ORDERED that third-party plaintiff's request for oral argument is DENIED.