784 F.2d 875
 4 Fed.R.Serv.3d 900
 James MOONEY, Joan Mooney and Thomas Sullivan, Charles
Brymer, William Patterson and Southern Illinois
Exploration Company, Inc., an Illinois
corporation, Appellants,
v.
Michael FRIERDICH, Appellee.
 No. 85-2183.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 9, 1985.
Decided Feb. 27, 1986.
 
 Terrence L. Farris, Clayton, Mo., for appellants.
 There was no brief filed by the appellee.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles Brymer and others appeal from a district court order dismissing their third-party complaint against Michael Frierdich for lack of jurisdiction, 616 F.Supp. 1417 (E.D.Mo.1985). In light of the apparent lack of any certification contemplated by Fed.R.Civ.P. 54(b), we ordered appellants to show cause why their appeal should not be dismissed as premature.
 
 
 2
 In a timely response to our order appellants incorporated by reference a document filed in the district court which appellants believe is an appropriate Rule 54(b) certification sufficient to confer jurisdiction on this court.[1] We do not agree.
 
 
 3
 It has been noted that an order dismissing a third party complaint which is not certified by the district court under Rule 54(b) is not a final appealable order. Moorhead Const. Co. v. City of Grand Forks, 508 F.2d 1008, 1011 n. 1 (8th Cir.1975). We, of course, are not required to accept Rule 54(b) certifications from district courts. Such certifications are reviewable on an abuse-of-discretion basis. Hayden v. McDonald, 719 F.2d 266, 268-69 (8th Cir.1983) (per curiam).
 
 
 4
 Moreover, Rule 54(b) permits entry of judgment "only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." Although this circuit has declined to make mandatory a statement of reasons in connection with Rule 54(b), we cannot ignore the plain command of that rule. For if under Rule 54(b) our review of the district court's decision is limited to determining whether there was an abuse of discretion, and if no reasons are furnished as to why that discretion was exercised, our judgment as to the propriety of certification is necessarily speculative. Hayden, 719 F.2d at 269. Where, as here, the attempted certification neither complies substantially with the mandatory language of the rule nor provides any basis from which we may determine that the district court exercised any discretion, we are constrained to hold that the dismissal of the third party complaint is not a final appealable order under 28 U.S.C. Sec. 1291. Consequently, we have no jurisdiction and the appeal is dismissed as premature.[2]
 
 
 
 [1]
 That document styled "Memorandum for Clerk" reflects that the district judge endorsed "So Ordered" beneath a hand-written text which reads:
 Comes now attorney for third party plaintiffs and after informing counsel for plaintiff and third party defendant requests that this court certify its order of August 29, 1985 dismissing third party plaintiffs complaint as final for purposes of appeal pursuant to Federal Rule of Civil Procedure 54(b).
 Terry Farris
 Attorney for Third Party Plaintiff
 
 
 [2]
 By letter of December 9, 1985 addressed to the clerk of court, attorney for appellee Frierdich undertakes to confess error in dismissal of the third party complaint. Since our dismissal of the appeal does not reach the merits, counsel is free to address his confession of error to the district court