(731 P.2d 1290)

No. 59,442

THE CITY OF SALINA, KANSAS v. STAR B, INC., *et al.*

THE FIRST NATIONAL BANK & TRUST COMPANY OF SALINA, SALINA, KANSAS, *Appellant*, v. FIRST AGENCY OF LEOTI, INC., *Appellee*.

Opinion filed February 5, 1987.

*Aubrey G. Linville,* of Clark, Mize & Linville, Chartered, of Salina, for appellant.

*John Q. Royce* and *David D. Moshier,* of Hampton, Royce, Engleman & Nelson, of Salina, for appellee.

Before DAVIS, P.J., J. STEPHEN NYSWONGER, District Judge, assigned, and CARL B. ANDERSON, JR., Associate District Judge, assigned.

NYSWONGER, J.: The First National Bank & Trust Company of Salina (First National Bank) appeals a judgment granting First Agency of Leoti, Inc., (First Agency) priority to proceeds from the condemnation of real property belonging to a debtor of both parties. To resolve the dispute we must determine whether entry of a partial summary judgment "pursuant to K.S.A. 60-254(b)" satisfied the requirements for certification in K.S.A. 60-254(b).

The parties submit the case on an agreed statement of facts pursuant to Supreme Court Rule 3.05 (235 Kan. lxiv). A summary of the pertinent facts is as follows.

On August 28, 1981, R & D Investments, a Kansas general partnership composed of Royce D. Patton, Delores M. Patton, Donald W. Ogborn, and Rosetta Ogborn, entered into an installment real estate contract for the purchase of the Great Plains Building.

On September 21, 1981, the Pattons and the Ogborns acquired title to real estate known as The East Bank Properties, which they mortgaged to First National Bank, a Kansas banking corporation in Salina.

On February 6, 1984, in connection with the sale of First National Bank, two promissory notes executed by R & D Investments and secured by the mortgage on The East Bank Properties were assigned to First Agency. On March 8, 1984, First Agency commenced an action against R & D Investments and the individual partners for judgment on the two promissory notes and foreclosure of the mortgage on The East Bank Properties. *First Agency of Leoti, Inc. v. R & D Investments, et al.,* District Court of Saline County, Case No. 84 C 64.

On August 3, 1984, in a signed document entitled "Assignment of Equitable Interest as Collateral Security," Royce Patton and Rosetta Ogborn assigned their purchasers' equitable interest in the Great Plains Building to First National Bank as security for loans made by the bank to R & D Investments. The security interest was not recorded with the Saline County Register of Deeds until May 8, 1985.

On September 11, 1984, the trial court granted First Agency leave to file a second amended petition in the foreclosure action. The second amended petition alleged that two strips of land providing access to the mortgaged property had been omitted inadvertently from the mortgage and requested that the court reform the mortgage to include them. Following the filing of answers and counterclaims by R & D Investments and the individual partners, First Agency filed a motion for summary judgment. On November 8, 1984, the court issued a memorandum decision granting partial summary judgment to First Agency against R & D Investments and the individual partners and ordering the mortgage foreclosed. The court reserved for later trial the request that the mortgage be reformed to include the omitted strips of land.

A proposed journal entry was prepared by First Agency's counsel and forwarded to R & D Investments. Royce Patton, on behalf of R & D Investments, objected to the proposed journal entry and, after a hearing, a journal entry of partial summary judgment was signed and filed by Judge Daniel L. Hebert on November 30, 1984. The journal entry began, "Now on this 8th day of November, 1984, pursuant to K.S.A. 60-254(b), and a hearing [on] a Motion to Settle Journal Entry, pursuant to Supreme Court Rule No. 170, the Court enters the following judgments," but contained no statement that there was no just reason for delay or reasons for certifying the judgment pursuant to K.S.A. 60-254(b).

On February 19, 1985, following trial, the court filed a journal entry decreeing an equitable reformation of the mortgage to include the omitted strips of land. Pursuant to order, the sheriff sold The East Bank Properties on May 22, 1985. The court confirmed the sale on March 28, 1986.

On December 3, 1985, the City of Salina commenced a condemnation action, from which this appeal has been taken. The Great Plains Building was among the property sought by the city. First National Bank, which claimed an interest in the building resulting from the August 3, 1984, assignment by Royce Patton and Rosetta Ogborn, was joined as a defendant in the action, as was First Agency, which claimed a judgment lien on the property of R & D Investments based on the November 30, 1984, entry of partial summary judgment in the foreclosure action. On January 21, 1986, the court determined the fair market value of the Great Plains Building and entered judgment against the City of Salina and in favor of the various defendants.

On March 7, 1986, First Agency and First National Bank filed a Joint Motion for Determination of Entitlement to Proceeds, as provided in K.S.A. 26-517. First Agency argued that the November 30, 1984, partial summary judgment was a final judgment because the court had certified it under 60-254(b) and that pursuant to K.S.A. 1984 Supp. 60-2202(a) its judgment lien on the real property of R & D Investments related back four months, to July 30, 1984. First National Bank contended that the partial summary judgment was not a final judgment because the court failed to make an express direction for entry of judgment and express determination that there was no just reason for delay as required by 60-254(b). It argued that judgment for First Agency in the foreclosure action did not become final until February 19, 1985, when the court reformed the mortgage and, thus, that First Agency's judgment lien on R & D Investment's real property did not become effective on July 30, 1984, but on November 19, 1984, well after the bank obtained the August 3, 1984, security interest in the Great Plains Building.

The court held that First Agency had priority to the proceeds. The court noted that in the memorandum decision granting First Agency partial summary judgment, Judge Hebert directed that judgment become "effective" when a journal entry was filed. The court found that "effective" meant "final." It found "no ambiguity" in the November 30, 1984, journal entry. The court then concluded that, by directing entry of judgment "pursuant to K.S.A. 60-254(b)," Judge Hebert fulfilled the requirements for certification under 60-254(b):

"5. The Court further finds and concludes the language in the journal entry executed by Judge Hebert and entered November 30, 1984, states unequivocally that judgment is entered 'pursuant to K.S.A. 60-254(b)'; that by expressly and directly referring to K.S.A. 60-254(b) Judge Hebert has expressly determined there was no just cause for delay, and that reference does constitute an express determination there is no just cause for delay, and, additionally it constitutes an express direction by Judge Hebert for the entry of judgment. Both the negative and positive aspects of the statute are certified in, and determined by the Court by that express statutory reference."

The court ruled that the final judgment entered on November 30, 1984, related back to July 30, 1984, and that First Agency's judgment lien was prior to and superior to the August 3, 1984, security interest held by First National Bank.

On appeal, First National Bank asserts that the trial court erred by concluding that the entry of partial summary judgment for First Agency in the foreclosure action satisfied the requirements of K.S.A. 60-254(b).

An examination of the language and purpose of K.S.A. 60-254(b) convinces us that the trial court erred by holding that "an express determination that there is no just reason for delay" may be implied from the words "pursuant to K.S.A. 60-254(b)." We hold that the reference "pursuant to K.S.A. 60-254(b)," unaccompanied in the record by a statement that there is no just reason for delay or reasons for certification, did not satisfy the requirement in K.S.A. 60-254(b) that the court make "an express determination that there is no just reason for delay."

At the outset, we note that both parties correctly assume that a judgment lien does not attach as a result of summary judgment on one of multiple claims or for one of multiple parties in an action until the trial court properly certifies the judgment as final under K.S.A. 60-254(b) or adjudicates the remaining claims in the action. K.S.A. 1984 Supp. 60-2202(a) provides that a judgment "lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the *entry of the judgment.*" (Emphasis added.) K.S.A. 60-258 governs entry of judgment:

"60-258. **Entry of judgment.** *Entry of judgments shall be subject to the provisions of section 60-254(b).* No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court." (Emphasis added.)  ·

See *Carnation Co. v. Midstates Marketers, Inc.*, 2 Kan. App. 2d 236, 577 P.2d 827 (1978) (date of entry of judgment for purposes of attachment of judgment lien under 60-2202[a] determined by reference to 60-258).

K.S.A. 60-254(b) provides as follows:

"(b) *Judgment upon multiple claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision. at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

See *McGuire v. Sifers*, 235 Kan. 368, 382, 681 P.2d 1025 (1984) ("A final judgment of one or more claims in a lawsuit pursuant to K.S.A. 60-254[b], to be effective, must follow the filing requirements of K.S.A. 60-258.").

Entry of a final judgment as to less than all the claims or for less than all the parties in an action involving multiple claims or parties is not effective unless the court makes "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment," as required by K.S.A. 60-254(b). *Fredricks v. Foltz*, 221 Kan. 28, 31, 557 P.2d 1252 (1976); *Henderson v. Hassur*, 1 Kan. App. 2d 103, 107, 562 P.2d 108 (1977); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-254, Comments (1979). If the court grants judgment on less than all the claims or for less than all the parties in an action, but does not certify the judgment as required in K.S.A. 60-254(b) and 60-258, it has not made an entry of judgment required by 60-2202(a), and no judgment lien attaches to the property of the adversely affected party or parties. See *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 951 (7th Cir. 1980); *Redding & Company v. Russwine Construction Corporation*, 417 F.2d 721, 727 (D.C. Cir. 1969); *Gauthier v. Crosby Marine Service, Inc.*, 590 F. Supp. 171 (E.D. La. 1984); *Gull Industries v. Mustang Gas and Oil Co.*, 73 Or. App. 557, 699 P.2d 1134, *rev. denied*

299 Or. 583 (1985); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2661 (1983).

By its terms, K.S.A. 60-254(b) requires *more* than a statutory citation for effective entry of final judgment on less than all of the claims or for less than all of the parties in an action. To enter final judgment under 60-254(b), the court must make "an *express* determination that there is no just reason for delay" and "an *express* direction for the entry of judgment." (Emphasis added.) The statute's broad exclusionary language—*"any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties"*—emphasizes that the determination must be express, not implied, to be effective. (Emphasis added.)

The requirement that the court make an express determination that no just reason exists to delay entry of judgment ensures that the policy against piecemeal appeals will not be disregarded lightly. In *Fredricks v. Foltz*, 221 Kan. 28, the Kansas Supreme Court explained the purpose of K.S.A. 60-254(b):

"Rule 54(b) re-establishes the ancient federal policy against piecemeal appeals with clarity and precision, with the addition of a discretionary power to afford a remedy in the infrequent harsh case. [Citation omitted.] A similar policy against piecemeal appeals which tend to extend and prolong litigation exists in Kansas. [Citations omitted.]

"The policy against piecemeal appeals is implemented in Kansas by [K.S.A. 60-254(b)]. When the district court under this rule has fully disposed of the interest of one or more but fewer than all of the multiple parties, its order lacks finality unless the district court makes an express 'direction for the entry of judgment' and a 'determination that there is no just reason for delay.' The combination of the direction and determination can be referred to as a 'certification' that a particular judgment is ripe for review. [Citations omitted.]

"An express direction for the entry of judgment as to one of several defendants, without an express determination that there is no just reason for delay, is insufficient to support an appeal under Rule 54(b). [Citations omitted.]" 221 Kan. at 31.

See *Dennis v. Southeastern Kansas Gas Co.*, 227 Kan. 872, 877-78, 610 P.2d 627 (1980).

Like its federal counterpart, K.S.A. 60-254(b) "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that

best serves the needs of the litigants." 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2654 (1983); see *Dennis v. Southeastern Kansas Gas Co.*, 227 Kan. at 878. The trial court should not certify a judgment under K.S.A. 60-254(b) routinely or by rote or to accommodate counsel, but only after carefully determining that sound judicial administration or the prospect that delay might seriously and unjustly prejudice the interests of one or more of the parties outweighs the concerns raised by piecemeal appeals and justifies immediate appellate review. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980); *Burlington Northern R. Co. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985); *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984); *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *Arlinghaus v. Ritenour*, 543 F.2d 461, 463-64 (2d Cir. 1976); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 363-65 (3d Cir. 1975); *Panichella v. Pennsylvania Railroad Company*, 252 F.2d 452, 454-55 (3d Cir. 1958).

When a court makes an express determination that no just reason exists for delaying entry of judgment under K.S.A. 60-254(b), it confirms that it has reflected on the appropriateness and fairness of entering final judgment on less than all the claims or for less than all the parties in an action. To guarantee that motions to certify are considered carefully and to effectuate appellate review, the majority of federal courts of appeal urge or require district courts to articulate the reasons for certification. See *Compact v. Metro. Gov. of Nashville & Davidson Co.*, 786 F.2d 227, 230-31 (6th Cir. 1986); *Mooney v. Frierdich*, 784 F.2d 875 (8th Cir. 1986); *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1415-16 (9th Cir. 1985); *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445-46 (2d Cir. 1985); *Pahlavi v. Palandjian*, 744 F.2d 902, 904-05 (1st Cir. 1984); *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d at 948-49; *Rothenberg v. Security Management Co., Inc.*, 617 F.2d 1149, 1150 (5th Cir. 1980); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d at 364.

Faced with the clear requirements of K.S.A. 60-254(b) and the strong policy against piecemeal appeals, we will not assume that the court made an express determination that there was no just

reason for delay merely because it entered judgment "pursuant to K.S.A. 60-254(b)." The conclusion that there is no just reason to delay entry of final judgment must appear affirmatively in the record, either by a recitation of the statutory language or by a statement of the reasons for the decision to certify. See *Mooney v. Frierdich*, 784 F.2d 875; *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414. The record fails to disclose that Judge Hebert made an express determination that there was no just reason for delay when he rendered the November 30, 1984, partial summary judgment.

First Agency suggests that the failure of the trial court in the foreclosure action to certify the judgment can be remedied by a nunc pro tunc order. See K.S.A. 60-260(a). We disagree. In *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975), the court explained the purpose and limits of a nunc pro tunc order:

"A *nunc pro tunc* order may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission, or an affirmative action which should have been, but was not, taken by the court, or to show what the court should have decided, or intended to decide, as distinguished from what it actually did decide. The power of the court is limited to making the journal entry speak the truth by correcting clerical errors arising from oversight or omission and it does not extend beyond such function."

The absence of an express determination of no just reason for delay in the journal entry was a judicial, not a clerical, omission. The court does not make a K.S.A. 60-254(b) certification until it expresses its finding of no just reason for delay affirmatively in the record. The court may not alter the effective date of a final judgment by certifying it under 60-254(b) in a nunc pro tunc order.

Because the court failed to make an express determination that there was no just reason for delay, the November 30, 1984, partial summary judgment for First Agency in the foreclosure action did not become final until February 19, 1985, when the trial court reformed the mortgage and adjudicated the remainder of the action. Pursuant to 60-2202(a), First Agency's judgment lien on the Great Plains Building attached on November 19, 1984, several months after First National Bank acquired its security interest in the building. The trial court erred by holding that First

Agency had priority over First National Bank to the proceeds of the condemnation of the building.

Reversed.