No. 59,442

THE CITY OF SALINA, KANSAS v. STAR B, INC., *et al.*

THE FIRST NATIONAL BANK & TRUST COMPANY OF SALINA, SALINA, KANSAS, *Appellant,* v. FIRST AGENCY OF LEOTI, INC., *Appellee.*

(739 P.2d 933)

Opinion filed July 17, 1987.

*Aubrey G. Linville*, of Clark, Mize & Linville, Chartered, of Salina, argued the cause and was on the brief for the appellant.

*John Q. Royce*, of Hampton, Royce, Engleman & Nelson, of Salina, argued the cause, and *David D. Moshier*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The City of Salina, Kansas, brought this condemnation proceeding to acquire several tracts of land. A dispute arose between the First National Bank & Trust Company of Salina (First National Bank) and First Agency of Leoti, Inc., (First Agency) over priority to proceeds from the condemnation of real estate belonging to a debtor of both parties. The trial court held that First Agency had priority to the proceeds. The Court of Appeals reversed, holding that the trial court erred in finding that First Agency had priority over First National Bank. *City of Salina v. Star B, Inc.*, 11 Kan. App. 2d 639, 731 P.2d 1290 (1987). We granted review.

The controlling issue is whether a journal entry, signed and filed by the district judge on November 30, 1984, constituted an entry of final judgment, which then related back to July 30, 1984, under the provisions of K.S.A. 1986 Supp. 60-2202(a). The efficacy of the November 30 journal entry depends upon, as the Court of Appeals noted, "whether entry of a partial summary judgment 'pursuant to K.S.A. 60-254(b)' satisfied the requirements for certification in K.S.A. 60-254(b)." 11 Kan. App. 2d at 640.

The facts are fully set forth in the Court of Appeals' opinion and will only be stated briefly here. On August 3, 1984, by virtue of a document signed by the landowners, First National Bank received an assignment of the landowners' equitable interest in and to the Great Plains Building as security for certain loans. That assignment gives the First National Bank priority, unless a later judgment of First Agency relates back.

On November 30, 1984, the trial court signed and filed a journal entry which began: "Now on this 8th day of November, 1984, pursuant to K.S.A. 60-254(b), . . . the Court enters the following judgments . . . ." There is no reference elsewhere in the journal entry to K.S.A. 60-254(b), and even though the trial court was entering judgment on fewer than all of the claims for parties to the litigation, the journal entry contains no express determination by the trial court "that there is no just reason for delay" and there is no "express direction for the entry of judgment."

First Agency claims that First National Bank's appeal is an attack on the propriety of the November 30, 1984, entry of judgment, and as such is barred by res judicata. The argument is not persuasive. First National Bank is not contesting the propriety of the November 30, 1984 order; it merely questions the effect of that journal entry, arguing that the journal entry does not constitute a final judgment giving rise to a judgment lien.

An order cannot be res judicata unless it constitutes a final judgment. That is the very question which is now before this court. Further, for res judicata to apply, the cases must involve the same issues and the parties must be the same or in privity. See *Sampson v. Hunt*, 233 Kan. 572, 583, 665 P.2d 743 (1983);

*Weaver v. Frazee,* 219 Kan. 42, 51, 547 P.2d 1005 (1976). First National Bank was not a party to the first action, nor was it in privity with any party to that action. Moreover, the issues differ. The first action concerned First Agency's entitlement to judgment against R & D Investments, a general partnership. First National Bank's appeal here concerns the effect of the journal entry of partial judgment filed on November 30, 1984, in the earlier action. Clearly, the issues raised in this appeal are not barred by res judiciata.

The principal issue is whether the journal entry filed on November 30, 1984, was sufficient to effect the entry of a final judgment under K.S.A. 60-254(b). A judgment rendered by a district court operates as a lien on real estate of the judgment debtor. K.S.A. 1986 Supp. 60-2202(a). Such a lien is effective from the date on which the petition in the action was filed, not to exceed four months prior to the "entry of judgment." K.S.A. 1986 Supp. 60-2202(a). No judgment is effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. K.S.A. 60-258. That provision is made specifically subject to K.S.A. 60-254(b), which provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*"

In this case, the trial court filed a memorandum of decision in which the judge directed counsel to prepare a formal journal entry. The trial court's memorandum of decision made no mention of K.S.A. 60-254(b), and made no express determination "that there is no just reason for delay" nor did it make "an express direction for the entry of judgment."

The journal entry, prepared by counsel and signed by the trial court, commences:

"Now on this 8th day of November, 1984, pursuant to K.S.A. 60-254(b), and a

hearing on a Motion to Settle Journal Entry, pursuant to Supreme Court Rule No. 170, the Court enters the following judgments . . . ."

Nothing further is stated in the trial court's journal entry with reference to K.S.A. 60-254(b), nor is there included within that journal entry any express determination that there is no just reason for delay, nor is there an express direction for the entry of judgment.

In the federal courts, entry of judgment in compliance with Fed. R. Civ. Proc. 54(b), which is identical to our K.S.A. 60-254(b), "enables a lien to be imposed on the judgment debtor's property and a writ of execution to be issued to begin the process of collecting any damage award." 10 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2661, 128-29 (1983). The D. C. Circuit has held, however, that absent the express determination and direction required by 54(b), there is no judgment upon which an execution may issue prior to the adjudication of the entire case. *Redding & Company v. Russwine Construction Corporation,* 417 F.2d 721, 727 (D.C. Cir. 1969). This court has expressed its intent to "adopt and follow the federal decisions which interpret Rule 54(b) of the Federal Rules of Civil Procedure." *Dennis v. Southeastern Kansas Gas Co.,* 227 Kan. 872, 878, 610 P.2d 627 (1980). The federal authorities consistently hold that an order disposing of fewer than all claims or parties must contain an express determination that there is no just reason for delay and an express direction for the entry of judgment before the order is considered a final judgment. See *D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.,* 744 F.2d 1443, 1444 (10th Cir. 1984); 6 Moore, Taggert, & Wicker, Federal Practice ¶ 54.54 at 54-287 and ¶ 54.28[2] (2d ed. 1987) and authorities cited therein; 10 Wright, Miller, & Kane, § 2653, 25-26, 40, 115-16 and authorities cited therein; Annot., 38 A.L.R.2d 377, 381-82, 392-96, and authorities cited therein.

Federal cases, in which Rule 54(b) was mentioned by the trial court, but in which there was no express determination and direction, were held not final judgments because the order did not contain the express determination and direction required by the Rule. See *Mooney v. Frierdich,* 784 F.2d 875 (8th Cir. 1986), and *Frank Briscoe Co. v. Morrison-Knudsen Co.,* 776 F.2d 1414 (9th Cir. 1985).

Our own cases, as the Court of Appeals points out, have held that the entry of a final judgment as to less than all the claims or for less than all the parties in an action involving multiple claims or parties is not effective unless the court makes "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." *Fredricks v. Foltz*, 221 Kan. 28, 31, 557 P.2d 1252 (1976); *Henderson v. Hassur*, 1 Kan. App. 2d 103, 107, 562 P.2d 108 (1977); and see *Dennis v. Southeastern Kansas Gas Co.*, 227 Kan. 872.

We agree with the Court of Appeals that:

"Faced with the clear requirements of K.S.A. 60-254(b) and the strong policy against piecemeal appeals, we will not assume that the court made an express determination that there was no just reason for delay merely because it entered judgment 'pursuant to K.S.A. 60-254(b).' " 11 Kan. App. 2d at 646-47.

A trial court, intending to enter a final judgment on less than all claims or against less than all parties, must make an express determination that there is no just reason for delay and must expressly direct the entry of judgment. These must appear affirmatively in the record, preferably by use of the statutory language.

The Court of Appeals, in Syl. ¶ 4 of its opinion, and in the corresponding portion of its opinion at 11 Kan. App. 2d at 647, states that the trial court's conclusion that there is no just reason to delay entry of final judgment must appear affirmatively in the record, either by a recitation of the statutory language "or by a statement of the reasons for the decision to certify." We disagree with the latter alternative, and disapprove the quoted language from the Court of Appeals' opinion. Many of the federal courts have strongly encouraged a statement of the reasons why a trial court is entering a Rule 54(b) certification; however, the statement of the trial court's reasons is in addition to the express determination and the express direction required by the Rule; the statement of the reasons is not an alternative which trial courts may follow. We have not, in Kansas, required a trial court to state its reasons in making such certification, and such a statement of reasons, while it might be helpful to an appellate court, is not an alternative to the express requirements of the statute that the trial court must make an express determination that there is no just reason for delay and expressly direct the

entry of judgment. The language of the statute is clear, and must be followed. We agree with the Court of Appeals that the record here fails to disclose that the trial judge made an express determination that there was no just reason for delay when he rendered the November 30, 1984, partial summary judgment. That judgment, therefore, was not a final judgment and did not relate back to July 30, 1984.

First Agency argues that the trial court's failure to make the necessary determinations prior to the entry of judgment may be corrected by a nunc pro tunc order. We agree with the Court of Appeals that the judgment in this case may not be corrected nunc pro tunc. The trial court did not make an express determination or an express direction, as required in the statute; these omissions were not mere clerical errors which may be corrected nunc pro tunc; and the proposed change would enlarge the judgment as originally rendered and substantially change the effective date of the judgment. The judgment of the trial court is reversed, and the judgment of the Court of Appeals is affirmed as modified.