No. 112,469

TRACY ULLERY, as Special Administrator of the Estate of Jamie Ullery, and KRISTOPHER ULLERY, *Plaintiffs/Appellants*, v. DARREN OTHICK, WINDSOR PLACE AT-HOME CARE, L.L.C., HEALTH MANAGEMENT OF KANSAS, INC., JOANN J. O'BRIEN, *Defendants/Appellees*, ALICE BEATTY, *Defendant/Cross-claimant/Appellee*, and MONTE COFFMAN, *Defendant/Appellee*.

MEGHAN OTHICK, *et al.*, *Plaintiffs*, v. JOANN J. O'BRIEN, *et al.*, *Defendants*.

(372 P.3d 1135)

Opinion filed April 29, 2016.

*Linus L. Baker*, of Stilwell, argued the cause and was on the brief for appellants.

*Samuel A. Green*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, argued the cause, and *James P. Nordstrom*, of the same firm, was with him on the brief for appellee Alice Beatty, and *Tyler C. Hibler*, of Sanders, Warren, and Russell, L.L.P., of Overland Park, argued the cause for appellee Joann O'Brien.

The opinion of the court was delivered by

BEIER, J.: This wrongful death case, arising out of a car accident that killed Jamie Ullery, calls upon this court to determine whether the Court of Appeals had jurisdiction to entertain an appeal taken mid-case after the district judge certified that there was "no just reason for delay" under K.S.A. 2015 Supp. 60-254(b).

We hold that *Prime Lending II v. Trolley's Real Estate Holdings*, 48 Kan. App. 2d 847, 304 P.3d 683 (2013), does not apply and that the Court of Appeals had jurisdiction. We therefore remand to the Court of Appeals for consideration of the district court's summary judgment in favor of defendants Alice Beatty and Windsor Place At-Home Care, L.L.C.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Tracy Ullery, as the administrator of Jamie Ullery's estate, and Kristopher Ullery, Jamie's sole heir, filed the underlying lawsuit against Darren Othick, Windsor Place At-Home Care, Health Management of Kansas, Joann O'Brien, Alice Beatty, and Monte Coffman after a January 2012 car accident that caused Jamie's death.

On February 10, 2014, the district judge issued a Memorandum Decision addressing various motions for partial and full summary judgment. At the conclusion of the decision, the district judge wrote:

"This memorandum decision constitutes a journal entry and judgment is entered in accordance with the findings and statements made above. This memorandum is dated and effective this 10th day of February, 2014."

On April 16, 2014, plaintiffs filed a Motion to Certify Journal Entry as Final Judgment, seeking the district judge's certification of the February 10 Memorandum Decision "as a final judgment under K.S.A. 60-254(b)." The district judge granted the motion in a Journal Entry filed stamped July 29, 2014. The order read:

"NOW on this the 27th day of May, 2014, comes on for hearing before the Court plaintiffs' motion pursuant to K.S.A. 60-254(b) to certify the February 10, 2014[,] journal entry as final judgment.

. . . .

"The Court being well and fully advised in the premises, and after reviewing the briefs of counsel and hearing arguments of counsel, finds that the motion should be sustained.

"IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED that the Court's memorandum decision heretofore entered February 10, 2014[,] is hereby modified as follows:

"There is no just reason for delay. The following judgments are deemed final pursuant to K.S.A. 60-254(b):

"1)   The Court's granting of summary judgment in favor of defendant Beatty against plaintiffs on the plaintiffs' claims against her of negligence and wrongful death;

"2)   The Court's granting of summary judgment in favor of defendant Windsor Place At-Home Care, L.L.C. against plaintiffs on the plaintiffs' claims against it;

"3)   The Court's granting of summary judgment in favor of defendant Windsor Place At-Home Care, L.L.C. as to Alice Beatty's claims against it; and

"4)   The Court's judgment in favor of plaintiffs on defendant O'Brien's motion for partial summary judgment on the issue of conscious pain and suffering experienced by Jamie Ullery.

"5)   The Court's judgment in favor of defendant O'Brien and against plaintiffs on O'Brien's motion for partial summary judgment on the issue of pre-impact emotional distress."

Plaintiffs filed their notice of appeal of the adverse rulings on August 27, 2014, *i.e.*, within 30 days of the July 29 filing of the court's Journal Entry. The notice included the following language:

"Notice is hereby given that all plaintiffs, each and every one, in the above named case, hereby appeal to the Kansas Court of Appeals from the final judgment entered July 29, 2014, and all other prior judgments, orders, and rulings entered in this action. This notice is intended to include, as broadly as possible, all of the judgments, orders, and rulings, and to also include (but not to the exclusion of others) all of the interlocutory and preliminary rulings, orders, and judgments in case No. 2012cv406, including but not to the exclusion of others, the February 10, 2014[,] Memorandum decision filed of record February 13, 2014, which was modified on July 29, 2014."

In October 2014, before briefs in the appeal were filed, the Court of Appeals issued an order to show cause on why the appeal should not be dismissed for want of appellate jurisdiction.

"Appellants are challenging the district court's grant of summary judgment on certain claims. The district court apparently entered its initial judgment on February 10, 2014. At some time after that, Appellants apparently asked for permission to have their action severed from other Defendants through application of K.S.A. 2013 Supp. 60-254(b). That request was granted by the district court in a journal entry that was filed on July 29, 2014. Appellants' notice of appeal was timely filed on August 27, 2014.

"However, neither Appellants nor the district court seem to acknowledge this court's prior holding in *Prime Lending II v. Trolley's Real Estate Holdings*, 48 Kan. App. 2d 847, 304 P.3d 683 (2013). In that case, the panel ruled that because

a district court failed to make the express statutory determination required by K.S.A. 2013 Supp. 60-254(b) at the time the initial journal entry was filed, it had no discretion to retroactively make that decision a final judgment. 48 Kan. App. 2d at 855. Unlike the *Prime Lending* case, there is no question that in this appeal, the notice of appeal was timely filed. However, if the district court lacked the authority to retroactively certify the judgment as immediately appealable, this court questions whether it may assume jurisdiction over a non-final action. See K.S.A. 2013 Supp. 60-2102(a)(4).

"If the district court has entered a final judgment subsequent to the docketing of this appeal, Appellants must include a certified, file[d]-stamped copy of that journal entry when responding to this order."

After receiving the parties' responses to the order to show cause, the Court of Appeals dismissed the appeal on October 30, 2014. Its dismissal order included the following:

"Appellants' response seems to focus on the claim that this court's prior decision in *Prime Lending II v. Trolley's Real Estate Holdings*, 48 Kan. App. 2d 847, 304 P.3d 683 (2013)[,] was erroneous and should not be followed. In so arguing, Appellants point to the language of K.S.A. 2013 Supp. 60-254(b), specifically the line which allows the district court to "revise[] at any time" any order or decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.

"In *In re Marriage of Brown*, 295 Kan. 966, 975, 291 P.3d 55 (2012), a case cited by Appellants in their response, the Kansas Supreme Court clarified that the revision contemplated by K.S.A. 2013 Supp. 60-254(b) is a revision to the substance of an interlocutory order. The *Brown* case involved alterations to interlocutory child support orders and is wholly inapplicable to the facts of this case.

"This court's prior holding in *Prime Lending* is clear. Unless and until the Kansas Supreme Court clarifies the reach of K.S.A. 2013 Supp. 60-254(b), *Prime Lending* will remain in effect in this court. Under that decision, this appeal is dismissed."

We granted the plaintiffs' petition for review. Defendants O'Brien and Beatty have filed supplemental briefs arguing that the Court of Appeals properly dismissed the plaintiffs' appeal.

## DISCUSSION

Resolution of the issue before us requires interpretation of K.S.A. 2015 Supp. 60-254.

"Interpretation of a statute is a question of law over which appellate courts have unlimited review. [Citations omitted.]

"The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). . . . [J]udicial interpretation must be reasonable and sensible to effectuate the legislative design and the true intent of the law. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). In *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010), we stated:

'An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. [Citation omitted.] When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent. [Citation omitted.]'" *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

At issue is whether a district judge can make the determination that "there is no just reason for delay" of an appeal from a judgment on "one or more, but fewer than all, claims or parties" at a time other than contemporaneously with entry of the judgment. See K.S.A. 2015 Supp. 60-254(b) (court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay").

This court has previously addressed the process for entering a final judgment on fewer than all claims or against fewer than all parties. In *City of Salina v. Star B, Inc.*, 241 Kan. 692, 739 P.2d 933 (1987), we considered "'whether entry of a partial summary judgment "pursuant to K.S.A. 60-254(b)" satisfied the requirements for certification in K.S.A. 2015 Supp. 60-254(b).'" 241 Kan. at 693 (quoting *City of Salina v. Star B, Inc.*, 11 Kan. App. 2d 639, 640, 731 P.2d 1290 [1987]). The journal entry at issue in that case "contain[ed] no express determination by the trial court 'that there is no just reason for delay' and there [was] no 'express direction for the entry of judgment.'" 241 Kan. at 693 (quoting K.S.A. 60-254[b]). This court agreed with an earlier statement from the Court of Appeals:

"'Faced with the clear requirements of K.S.A. 60-254(b) and the strong policy against piecemeal appeals, we will not assume that the court made an express

determination that there was no just reason for delay merely because it entered judgment "pursuant to K.S.A. 60-254(b).'" 241 Kan. at 696 (quoting *City of Salina,* 11 Kan. App. 2d at 646-47).

We then held:

"A trial court, intending to enter a final judgment on less than all claims or against less than all parties, must make an express determination that there is no just reason for delay and must expressly direct the entry of judgment. These must appear affirmatively in the record, preferably by use of the statutory language." 241 Kan. at 696.

Although the Court of Appeals had previously held that a "'statement of the reasons for the decision to certify'" could provide an alternative route to appeal, this court rejected that ruling:

"We have not, in Kansas, required a trial court to state its reasons in making such certification, and such a statement of reasons, while it might be helpful to an appellate court, is not an alternative to the express requirements of the statute that the trial court must make an express determination that there is no just reason for delay and expressly direct the entry of judgment. The language of the statute is clear, and must be followed." 241 Kan. at 696-97.

In this case, the Court of Appeals' dismissal grew from the holding of *Prime Lending. Prime Lending* involved an August 24, 2011, summary judgment in a foreclosure action granted to Prime Lending II, LLC. *Prime Lending,* 48 Kan. App. 2d at 847-49. The district judge later entered an order directing the county sheriff to conduct a judicial sale of the property. On May 24, 2012, Prime Lending moved to certify the August 24, 2011, summary judgment decision as final under K.S.A. 2012 Supp. 60-254(b). The district judge granted this motion on June 19, 2012, saying:

"'This Court's August 24, 2011, Memorandum Decision did not specify that judgment was final as to Trolley's and Blue Moose, and that there was no just reason to delay foreclosing on the property. Nevertheless, considering that this matter had been pending for two years at the time of judgment, and at least one party still remains subject to bankruptcy court, this Court's Memorandum Decision was clearly issued with the purpose of allowing foreclosure to proceed immediately. Therefore, the Court grants Plaintiff's motion and certifies the August 24, 2011, Memorandum Decision as a final judgment pursuant to K.S.A. 60-254.'" 48 Kan. App. 2d at 849-50.

The *Prime Lending* panel first addressed whether either the August 24, 2011, memorandum decision or the subsequent cor-

responding journal entry was a final judgment under K.S.A. 2012 Supp. 60-254(b). Because neither document "contained the express determination that there [was] no just reason for the delay and an express direction for entry of judgment," neither document constituted a final judgment. 48 Kan. App. 2d at 851-52. The panel also noted that "[a] partial adjudication of an action absent a K.S.A. 2012 Supp. 60-254(b) certification remains interlocutory and 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities.'" 48 Kan. App. 2d at 852 (quoting K.S.A. 2012 Supp. 60-254[b]).

The panel then asked: "What effect, if any, does the trial court's June 19, 2012, memorandum decision and journal entry, which *retroactively certified* the trial court's August 24, 2011, memorandum decision as a final judgment under K.S.A. 2012 Supp. 60-254(b), have on [the Court of Appeals'] jurisdiction?" (Emphasis added.) 48 Kan. App. 2d at 853-54. Its initial observation in response told the ultimate tale: Even if the June 19, 2012, memorandum decision properly *retroactively certified* the August 24, 2011, decision as a final judgment, Trolley's would have needed to file its appeal within the 30 days following August 24, 2011. 48 Kan. App. 2d at 854. It did not do so. This meant that, even if the June 19, 2012, certification was deemed effective, the appeal still would be untimely and could not be saved from dismissal. 48 Kan. App. 2d at 854.

"Because the trial court failed to make the proper express determination required by K.S.A. 2012 Supp. 60-254(b) when it issued its August 24, 2011, memorandum decision or its August 31, 2011, journal entry of judgment of foreclosure, *it had no discretion to retroactively make those decisions final judgments.* See *State ex rel. Board of Healing Arts v. Beyrle*, 262 Kan. 507, 510, 941 P.2d 371 (1997) (The judgment lacked the determination required by K.S.A. 60-254(b), 'and it is not possible to now amend the order so to include the required findings within the order.'); see also *Razook v. Kemp*, 236 Kan. 156, 158-59, 690 P.2d 376 (1984)." (Emphasis added.) *Prime Lending*, 48 Kan. App. 2d at 855.

The *Prime Lending* panel held that a retroactive certification of an earlier order was improper. 48 Kan. App. 2d at 855. It expressly acknowledged that it was not addressing a situation in which the trial court included a certification on finality in the earlier proceed-

ing instead of ordering retroactive certification in a later journal entry. 48 Kan. App. 2d at 855-56.

Since the filing of the petition for review in this case, a different panel of the Court of Appeals has factually distinguished *Prime Lending* and avoided applying its holding to require dismissal of an appeal for lack of jurisdiction. In that case, *Deaver v. Board of Lyon County Comm'rs*, No. 110,547, 2015 WL 715909, at *5 (2015) (unpublished opinion), *rev. denied* 302 Kan. ___ (Sept. 14, 2015), the judge did not "retroactively declare [a] summary judgment order was final *as of the date it was first entered*," the situation in *Prime Lending*. Instead, the district judge "declared the summary judgment order final as of . . . the [date the district judge] ruled on the . . . motion [to certify]." 2015 WL 715909, at *5.

Turning to the facts of this case, a recap of the critical dates is useful here:

- February 10, 2014—The district judge issues a Memorandum Decision granting summary judgment to certain defendants.

- April 16, 2014—The plaintiffs file their Motion to Certify Journal Entry as Final Judgment.

- May 27, 2014—A hearing on the Motion to Certify Journal Entry as Final Judgment is held.

- July 29, 2014—The district judge issues his Journal Entry Certifying Final Judgment, including "no just reason for delay" language from K.S.A. 60-254(b), as required by *City of Salina*, 241 Kan. at 696.

- August 27, 2014—The plaintiffs file their notice of appeal of the "final judgment entered July 29, 2014."

Under K.S.A. 2015 Supp. 60-2103, the 30-day period for filing a notice of appeal generally begins to run on the date of the entry of judgment under K.S.A. 2015 Supp. 60-258. K.S.A. 2015 Supp. 60-258 provides:

"Entry of judgments is subject to subsection (b) of K.S.A. 60-254, and amendments thereto. No judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk."

K.S.A. 2015 Supp. 60-254(a) defines a judgment as a "final determination of the parties' rights in an action." Subsection (b) of that statute governs a judgment, such as the one before us here, on multiple claims or involving multiple parties. In order to make a judgment as to fewer than all parties or claims final, "the court [must] expressly determine[] that there is no just reason for delay." Without such an express determination,

"any order or other decision, *however designated,* that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time *before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." (Emphasis added.) K.S.A. 2015 Supp. 60-254(b).

In this case, the original February 10 order arguably was "designated" final by the judge. But that designation alone did not make it a judgment subject to appeal within the meaning of K.S.A. 2015 Supp. 60-254. To be such a judgment, it had to be a final determination of all of the rights and liabilities of all of the parties or, if something less, had to be subject to an express determination that there was no just reason for delay of an appeal. The February 10 order satisfied neither condition. It thus did "not end the action" and could "be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." See K.S.A. 2015 Supp. 60-254.

The district judge's July 29 Journal Entry explicitly "modified" the February 10 order, as permitted by K.S.A. 2015 Supp. 60-254(b). And even the Court of Appeals panel appears to have acknowledged that it was the July 29 Journal Entry that started the 30-day notice of appeal clock; it stated that there was no question the appeal had been timely filed. This statement was consistent with K.S.A. 2015 Supp. 60-258, which made the judgment effective upon a journal entry or judgment form being signed by the district judge and filed with the clerk. The July 29 journal entry marked the first time the district judge made the statutorily required, express determination that there was no just reason for delay of appeal. See *Deaver*, 2015 WL 715909, at *5 (later K.S.A. 60-254(b) certification distinct from retroactive certification). This express determination made the July 29 journal entry a final, appealable judgment

within the meaning K.S.A. 2015 Supp. 60-254(b), effective on its filing with the clerk. See K.S.A. 2015 Supp. 60-258.

The Court of Appeals otherwise misread *Prime Lending* to stand for the proposition that the "no just reason for delay" certification must be made contemporaneously with the district court's order adjudicating fewer than all of the claims in a lawsuit. In fact, *Prime Lending* explicitly left that question open. See 48 Kan. App. 2d at 855-56 ("[H]ad the trial court certified the current proceedings, we express no determination whether this would have resolved the jurisdiction problem.").

In brief summary, our interpretation of the plain language of the interlocking applicable statutes persuades us that a certification of "no just reason for delay" may be made after summary judgment is granted to fewer than all parties or on fewer than all claims. The filing date of the district court order or journal entry memorializing that certification starts the 30-day appeal clock, and a timely notice of appeal endows the appellate court with jurisdiction to determine the merits. K.S.A. 2015 Supp. 60-254(b) explicitly allows revision of nonfinal judgments, and K.S.A. 2015 Supp. 60-258 prevents any judgment from becoming effective until it is memorialized in a journal entry and filed with the clerk. For these reasons, the district judge's certification of his original decision as an appealable judgment was successful here, and the Court of Appeals' dismissal of the plaintiffs' appeal was incorrect.

Two final points merit mention.

O'Brien advances one additional, potentially significant precedent to limit the district judge's authority, citing *State ex rel. Board of Healing Arts v. Beyrle*, 262 Kan. 507, 510, 941 P.2d 371 (1997). *Beyrle* does not support the result O'Brien seeks. To the extent it disapproved of a noncontemporaneous K.S.A. 60-254(b) certification, its statement to that effect was dicta. In that case "[n]o attempt was made to satisfy the requirements of K.S.A. 60-254(b)." 262 Kan. at 510. And the primary avenue for invoking appellate jurisdiction in *Beyrle* was former K.S.A. 60-2102(b) (Furse 1994), which allowed an interlocutory appeal when "'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the

order may materially advance the ultimate termination of the litigation.'" *Beyrle*, 262 Kan. at 508.

For her part, Beatty attempts to argue that the district judge "improperly certified as final the interlocutory judgment entered in this case because plaintiffs' claim against Beatty is not separable from the remaining claims." The substance of this argument appears to be that the district judge abused his discretion in ruling as he did on July 29, 2014. This is not the issue before this court on the plaintiffs' petition for review. We deal in this opinion only with the judge's legal authority, not with the adequacy of his performance under that authority. The petition listed only one issue: "Whether a prior interlocutory order may later be certified as final pursuant to K.S.A. 60-254(b)." Beatty was free to file a response to the plaintiffs' petition or a cross-petition. She did neither. Any alleged abuse of discretion by the district judge is not before us on the plaintiffs' limited petition for review.

## CONCLUSION

The Court of Appeals' order dismissing the plaintiffs' appeal for lack of jurisdiction is vacated, and this case is remanded to the Court of Appeals for consideration of the merits of the plaintiffs' appeal.