No. 120,401

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WHEATLAND CONTRACTING, LLC,
*Appellee*,

v.

JACO GENERAL CONTRACTOR, INC.,

and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
*Appellants*.

SYLLABUS BY THE COURT

The Kansas Fairness in Private Construction Contract Act, K.S.A. 16-1801 et seq., provides in K.S.A. 16-1806 that the venue for any action to enforce the Act shall be in the county where the real property is located. Parties to any construction contract covered by the Act cannot agree to a different venue.

Appeal from Johnson District Court; RHONDA K. MASON, judge. Opinion filed September 20, 2019. Affirmed.

*Neil C. Gosch* and *Lisa L. Martin*, of Triplett Woolf Garretson, LLC, of Wichita, for appellants.

*Jody R. Gondring*, of Hennessy & Gondring, P.A., of Kansas City, Missouri, and *S. Owen Griffin*, of Troppito Miller Griffin, LLC, of Kansas City, Missouri, for appellee.

Before HILL, P.J., LEBEN, J., and WALKER, S.J.

1

HILL, J.:  This is an interlocutory appeal of an order denying a change of venue in a lawsuit arising out of a construction contract for a project in Johnson County. The subcontractor, Wheatland Contracting, LLC, sued the contractor, Jaco General Contractor, Inc., in Johnson County. In response, Jaco moved to transfer venue to Sedgwick County based on the forum selection clause in their contract. The district court denied Jaco's motion because the Kansas Fairness in Private Construction Contract Act states that venue for any action to enforce the Act shall be in the county where the real property is located. The sole question of law for us then, is, does the Act nullify this contract's choice-of-venue provision? It does.

*Details provide a context for our decision.*

Jaco and Wheatland agreed that Wheatland would perform plumbing and associated trade work on a Kentucky Fried Chicken restaurant in Johnson County. The contract contained a forum and venue selection clause that stated: "[T]o the fullest extent permitted by law, the parties agree and stipulate that the Eighteenth Judicial District, District Court, Sedgwick County, Kansas, is the court of exclusive jurisdiction and venue to determine any dispute between Contractor and Subcontractor arising out of or relating to this Subcontract."

Wheatland filed a mechanic's lien on the project in Johnson County. Jaco later substituted a bond for the mechanic's lien, which the court approved, and the court then discharged the lien. Wheatland proceeded to make a claim on that bond.

Wheatland sued in Johnson County District Court, claiming breach of contract, action on bond, violations of the Act, and quantum meruit. Jaco moved to dismiss or, in the alternative, to transfer venue to Sedgwick County. The district court denied the motion, ruling that despite the venue clause in the contract, the plain language of K.S.A.

2

16-1806 required the venue of the suit to be in the county where the project was located—Johnson County.

We granted Jaco's application for interlocutory review.

*We review the Act.*

Our task in answering this question of law is, as always, to look first at the statutes. We must try to learn legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute not readily found in its words. With no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Because the Act is unambiguous, we need not look at the legislative history to determine legislative intent.

The Kansas Fairness in Private Construction Contract Act is comprised of seven statutes—K.S.A. 16-1801 through 16-1807. It regulates payments to contractors and subcontractors involved in nonresidential private construction. If payments of undisputed amounts are not paid, the Act calls for the mandatory imposition of prejudgment interest and attorney fees. Clearly, the Legislature is serious about enforcing the provisions of the Act because the first statute, K.S.A. 16-1801(b), voids *all* contract provisions that attempt to waive the rights and duties created by this law. In other words, parties cannot avoid the application of this law by contract.

We hold the purpose of this Act is to compel prompt payments of undisputed amounts that become due in these types of construction contracts. It covers all tiers in this

section of the construction industry—owner—contractor—subcontractor. We read the Act with that purpose in mind.

*The heart of the Act is K.S.A. 16-1803, 16-1804, and 16-1805.*

A quick review of those provisions shows how broad this law is. First, it bans certain specific provisions from all contracts. Then it eliminates a defense. It then establishes just what timeliness means for all of these construction contracts at the owner-contractor level and then at the contractor-subcontractor and subcontractor-subcontractor tiers. And then, the Act creates some tools that can be used to enforce the rights and duties created by the law.

* ❖ K.S.A. 2018 Supp. 16-1803 begins by banning three provisions from all private construction contracts covered by the Act.

    1. No provision of any contract will be enforced that waives the right to resolve disputes in court. (The Act does permit binding arbitration or alternate dispute resolution before litigation.)
    2. No provision that waives lien rights for labor or material is enforceable, except as a condition for payment.
    3. Any provision that tries to waive rights of subrogation for losses covered by liability or workers compensation insurance is not enforceable, except in limited circumstances.

* ❖ K.S.A. 2018 Supp. 16-1803 provides that making payments to a subcontractor conditional upon payment from someone else, including the owner, is no defense to a claim to enforce a lien or a bond.

4

❖ K.S.A. 2018 Supp. 16-1803 next establishes what timeliness means. If an owner does not pay the contractor within 30 days of any undisputed amount, then the owner is liable for 18 percent interest on the unpaid amount. Likewise, if a contractor does not pay a subcontractor within seven business days of any undisputed amount, then the contractor is liable for 18 percent interest on the unpaid amount. And finally, if a subcontractor fails to pay within seven business days any undisputed amount to another subcontractor, then the subcontractor is liable for 18 percent interest.

❖ K.S.A. 2018 Supp. 16-1804 sets the maximum amount that can be retained for these construction contracts at 10 percent. And if that amount is not paid, then the party liable to pay the retainage is liable for 18 percent interest.

❖ K.S.A. 16-1805 allows a contractor or subcontractor to suspend performance on the contract if not paid, including accrued interest, after giving notice.

*Enforcement procedures are found in K.S.A. 16-1806.*

K.S.A. 16-1806 directs that if a party has to sue to enforce any of these rights, the court shall award costs and attorney fees to the prevailing party. That statute also directs that venue for a lawsuit or a hearing in arbitration shall be in the county where the real property is located:

"In any action to enforce K.S.A. 16-1803, 16-1804 or 16-1805, and amendments thereto, including arbitration, the court or arbitrator shall award costs and reasonable attorney fees to the prevailing party. Venue of such an action shall be in the county where

5

the real property is located. The hearing in such an arbitration shall be held in the county where the real property is located." K.S.A. 16-1806.

*The law, K.S.A. 16-1806, preempts venue-choice provisions in construction contracts covered by the Act.*

Jaco contends that by agreeing to the forum selection clause in its contract, Wheatland has waived this statutory venue provision of K.S.A. 16-1806. It presses two points. First, Jaco tries to sidestep K.S.A. 16-1801, which says the "rights and duties prescribed by this act shall not be waivable or varied under the terms of a contract," by arguing that the statutory venue provision is not a "right or duty." In its view, questions of venue and enforcing forum selection clauses are procedural rather than substantive. Second, Jaco argues that because K.S.A. 2018 Supp. 16-1803 does not specifically mention choice of venue as being a void and unenforceable contract provision, the statutory venue provision is waivable by contract.

We look at Jaco's first argument. Jaco's reading of K.S.A. 16-1801 is too narrow. The phrase "rights and duties" is not limited to substantive rights over procedural rights and duties. It is true that later in the Act, K.S.A. 2018 Supp. 16-1803(b)(1) refers to both substantive and procedural rights. But the statute we focus on, K.S.A. 16-1801, does not refer only to the rights and duties specifically outlined in K.S.A. 2018 Supp. 16-1803, but instead refers to the rights and duties "prescribed by this act."

One of these rights is venue. The parties no longer have to chase each other around for enforcement of their claims. With this law, they come to the county where the work is performed. Through this law, the parties now have a right to rely upon that statutory venue provision. We also view bringing an action in the county where the work is performed as a duty required by this statute. The law says the venue shall be in the county where the real property is located. This is the language of a duty. In contrast, the contract provision here seeks to waive that right and duty. We hold that contract provision is

6

unenforceable. Venue is prescribed in K.S.A. 16-1806 and is part of the Act. Under that provision, the parties to a dispute must either go to court in the county where the land is located or have their arbitration hearing in that county.

Turning to Jaco's second argument—that there is no specific mention of choice of venue as being unenforceable in K.S.A. 2018 Supp. 16-1803—we are left unpersuaded. We reject Jaco's implicit argument that the rights and duties of this Act are limited to those found in K.S.A. 2018 Supp. 16-1803. When dealing with an enactment of the Legislature, we must look at the entire enactment. Clearly, K.S.A. 2018 Supp. 16-1803 preserves the right to resolve in court disputes about construction contracts covered by this Act. Then, K.S.A. 16-1806 fits hand-in-glove with that right by designating the proper venue. We see no room for forum-shopping nor any way to waive the venue provision in this Act. Jaco's interpretation would render meaningless the venue language in the Act.

Jaco contends the venue provision in K.S.A. 16-1806 "flies in the face of long established Kansas contract law and conflicts with Kansas' strong public policy of freedom of contract." Jaco contends the Legislature did not make its intent to change the common law clear.

We do not think so. The entire Act was a change to the common law. The Legislature's intent to modify these construction contracts is clear by the Act's plain language: "The rights and duties prescribed by this act shall not be waivable or varied under the terms of a contract. The terms of any contract waiving the rights and duties prescribed by this act shall be unenforceable." K.S.A. 16-1801(b). "Venue of such an action shall be in the county where the real property is located." K.S.A. 16-1806. These plain words have a plain meaning. The parties cannot by contract waive the rights and duties in the Act.

7

Jaco contends that the Legislature did not intend to change the common law when both of the parties to the contract are Kansas companies. In those cases, the venue is in Kansas, and the contract applies Kansas law. But Jaco reads an exception into the statute that is not there. While the Legislature could have required only that venue be somewhere in Kansas, it went further. The Legislature specified that venue would be in the county where the real property was located. It did not make an exception for Kansas companies, and we will not read one into the statute when that exception conflicts with the statute's plain language.

For support, Jaco cites two United States District Court for the District of Kansas cases as persuasive authority that the Act does not preclude enforcement of contractual forum selection clauses. Both do not apply here because the federal courts applied federal rather than state law.

First, in *Bowen Engineering Corp. v. Pacific Indem. Co.*, 83 F. Supp. 3d 1185 (D. Kan. 2015), the defendants sought to transfer venue to Missouri in accordance with a forum selection clause in the contract. The plaintiff argued that the action could only be brought in Kansas under K.S.A. 16-1801 and 16-1806. The defendants argued that venue could be varied by contract under the Act. But the court found that it did not need to resolve the matter because *in a federal court sitting in diversity jurisdiction, venue and enforcement of forum selection clauses were questions of procedure governed by federal, not state law*. The court resolved the matter under federal law and did not construe K.S.A. 16-1806. Under federal law, forum selection clauses are presumptively valid. The court found that none of the parties were Kansas citizens, the parties agreed to litigate all matters in Missouri, and Kansas courts routinely enforce forum selection clauses. 83 F. Supp. 3d at 1190-92.

Then, in *Herr Indus. Inc. v. CTI Systems, SA*, 112 F. Supp. 3d 1174, 1178 (D. Kan. 2015), the court also applied federal law to the enforceability of the forum selection clause, as opposed to Kansas law. The court found that:

- Because the plaintiff was not a Kansas resident, any desire by the Kansas Legislature to protect the state's own residents was not implicated;
- there was no Kansas public policy against forum selection clauses generally;
- the Act did not expressly prohibit the type of forum selection clause at issue; and
- there was a strong preference under federal law to enforce forum selection clauses. 112 F. Supp. 3d at 1181-82.

We do not see how this case helps Jaco.

Here, Kansas law applies, not federal law. The concerns present in both federal cases are not present here. The federal courts are concerned that accepting exclusive venue in Kansas would override the strong preference under federal law to enforce forum selection clauses because the Supreme Court decries the "provincial attitude" of the fairness of other tribunals that a state's refusal to enforce an out-of-state forum selection clause evokes. See *Herr Indus.*, 112 F. Supp. 3d at 1180-82.

Obviously, both parties here are Kansas companies governed by Kansas law. The parties did not agree to an out-of-state venue. Venue is in Kansas. The question is, where in Kansas? Exclusive venue in the county where the property is located is not a statement about the fairness of other district courts; it is merely a location where both parties have significant contacts because that is where the work is being performed. The clear language of this Kansas statute sets venue in the county where the real property is located.

9

We hold the district court correctly ruled that K.S.A. 16-1806 controls venue in this case.

Affirmed.