NOT DESIGNATED FOR PUBLICATION

No. 116,321

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD,
*Appellant*,

v.

TIMOTHY KECK,
Interim Secretary of the Kansas Department of Aging and Disability Services,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed February 3, 2017. Affirmed.

*Dustin J. Merryfield*, appellant pro se.

*Jessica F. Conrow*, of Kansas Department for Aging and Disability Services, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  Dustin J. Merryfield appeals claiming the district court's decision that the Kansas Department of Aging and Disability Services' (KDADS) failure to deliver his mail on the day it arrived—due to emergency conditions—did not deprive him of his due process right. We find the short-term delay in the delivery of his mail does not rise to the "shocking and intolerable conduct or continuing mistreatment of a constitutional structure" under the facts of this case and does not warrant a due process hearing. See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). We affirm.

1

FACTS

Merryfield is a resident of the Sexual Predator Treatment Program (SPTP) at Larned State Hospital (Larned), a program supervised by KDADS. On May 7, 2015, Larned was under a "yellow alert," meaning emergency conditions such as severe weather, internal, or external threats existed. Residents are restricted from moving about the facility during a yellow alert. As a result, Merryfield did not receive his incoming mail that day.

On May 15, 2015, pursuant to K.S.A. 60-1501, Merryfield filed a petition for writ of habeas corpus, alleging that on May 7, 2015, Larned "refused to allow [him] to receive his incoming mail and provided no form or manner of Due Process for this denial." He further alleged he was denied receipt of his incoming mail without due process on January 15, 2014; June 4, 2014; July 23, 2014; and October 9, 2014. Although the record is unclear as to when he ultimately received his mail, Merryfield concedes he received it, "just not on the day it came in."

In his petition to the district court, Merryfield argued the delay in receiving his mail deprived him of "the fundamental liberty interest . . . to receive his mail under K.S.A. [2015 Supp.] § 59-29a22(b)(15)," violating his right to due process under the Fourteenth Amendment to the United States Constitution. He also contended SPTP Policy 8.3 required Larned personnel to deliver incoming mail daily and any delay entitled him to due process proceedings under SPTP Policy 8.6. In his prayer for relief, Merryfield asked the district court to: issue a declaration that his liberty interests and due process rights were violated; issue an order requiring Larned to provide him with a proper due process proceeding; and issue an order requiring Larned to promulgate a policy to ensure his rights would not be violated in the future.

KDADS filed an answer to Merryfield's petition and provided copies of the SPTP policies at issue—8.3 and 8.6. Following a review of the parties' pleadings and the relevant SPTP policies, the district court summarily denied Merryfield's petition.

Merryfield timely appealed.

ANALYSIS

*Standard of Review*

An appellate court reviews a district court's decision of a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648.

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.]" *Johnson*, 289 Kan. at 648-49.

*No Due Process Violation*

Merryfield argues the delay in receiving his mail and lack of a due process hearing violated his right to due process under the Fourteenth Amendment to the United States

Constitution as well as his statutory rights under Kansas law. In support of his argument, he cites to *Merryfield v. Kansas Social and Rehab. Serv.*, No. 102,384, 2009 WL 5206252, at *1 (Kan. App. 2009) (unpublished opinion). His reliance on *Merryfield* is misplaced.

In *Merryfield*, this court held K.S.A. 2008 Supp. 59-29a22(b)(15), the prior codification of K.S.A. 2015 Supp. 59-29a22(b)(15), provided a broad right to send and receive sealed mail subject to specific restrictions. The *Merryfield* court dealt with an administrative regulation prohibiting SPTP residents from receiving property through incoming mail. Specifically, "the handbook said that '[r]esidents are not allowed to receive incoming packages from outside sources at [any time].'" *Merryfield*, 2009 WL 5206252, at *1. Ultimately, this court found the regulation could not be used to deprive Merryfield of his statutory right to receive property items through the mail without due process. *Merryfield*, 2009 WL 5206252, at *2-3.

The facts here are distinguishable from those in *Merryfield*. Nothing in the record suggests Merryfield was prohibited from sending and receiving property through the mail, nor was he permanently deprived of any property. Moreover, Merryfield acknowledges he was "eventually provided . . . his mail, just not on the day it came in." He fails to establish how long the delay was between the mail arriving at the facility and when he actually received it. Instead, he argues K.S.A. 2015 Supp. 59-29a22(b)(15)(A) "clearly states that delivery of mail can only be delayed to determine if it contains contraband and who sent the mail." He therefore asserts KDADS violated a "statutory duty which led to a denial of his rights under K.S.A. [2015 Supp.] 59-29a22 which then, in accord[ance] with *Merryfield*, required [KDADS] to provide Due Process."

Merryfield's argument calls for this court to add language to K.S.A. 2015 Supp. 59-29a22(b)(15). Essentially, he asserts that unless mail is delayed to check for contraband or verify the identity of the sender, he has an absolute right to receive it on the

4

day it arrives at the facility. K.S.A. 2015 Supp. 59-29a22(b)(15) contains no such language; rather, it provides SPTP residents have a right "[t]o send and receive mail with reasonable limitations." When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Therefore, we cannot apply the interpretation Merryfield suggests.

Merryfield also claims he is entitled to a due process hearing before his mail can be delayed under K.S.A. 2015 Supp. 59-29a22(c)(1), which provides, in pertinent part:

> "A person's rights under subsections (b)(15) to (b)(22) may be denied for cause by the superintendent of the facility or the superintendent's designee, or when medically or therapeutically contraindicated as documented by the person's physician, licensed psychologist or licensed master's level psychologist in the person's treatment record. The individual shall be informed in writing of the grounds for withdrawal of the right and shall have the opportunity for a review of the withdrawal of the right in an informal hearing before the superintendent of the facility or the superintendent's designee."

Here, Merryfield has not alleged he was denied a right to *receive* his mail, only that his mail was delayed. The record reflects his mail was not *denied for cause* rather, it was delayed due to a facility-wide emergency at Larned. The delay in receiving mail was not unique to Merryfield; rather, the record indicates it affected all residents. K.S.A. 2015 Supp. 59-29a22(c)(2) provides: "Notwithstanding subsection (c)(1), when the facility makes an administrative decision that applies equally to all persons and there is a legitimate governmental reason for the decision, notice of the decision is all that is required."

Merryfield has not established entitlement to a due process hearing under K.S.A. 2015 Supp. 59-29a22(c)(1). Further, he failed to establish the delay was shocking and

5

intolerable conduct or continuing mistreatment of a constitutional level. The district court did not err in summarily denying his petition.

*We decline to address Merryfield's additional claims of error.*

Merryfield contends the district court erred in finding he failed to exhaust his administrative remedies. We find resolution of this claim is unnecessary since the district court properly found Merryfield was not entitled to a due process hearing for the temporary delay in the delivery of his mail.

Affirmed.