No. 115,682[1]

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAY B. MULLEN,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

SYLLABUS BY THE COURT

1.

When the statutory language is plain and unambiguous, courts should give effect to the express language of the statute and not speculate about the intent of the legislature.

2.

If an individual lacks sufficient base period wages to establish a benefit year for purposes of making a claim under the Kansas Employment Security Act but satisfies the requirements of K.S.A. 2016 Supp. 44-705(g) and K.S.A. 2016 Supp. 44-703(hh), the Secretary of Labor shall permit the individual to have an alternative base period substituted for the current base period so as not to prevent establishment of a valid claim.

3.

K.S.A. 2016 Supp. 44-705(g) unambiguously states that an unemployed individual is eligible to receive employment security benefits if the Secretary of Labor finds that the claimant is returning to work after a qualifying injury for insured work as provided by

---

[1]**REPORTER'S NOTE:**  Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2017 Kan. S. Ct. R. 45). The published version was filed with the Clerk of the Appellate Courts on September 14, 2017.

statute and if (1) the claimant has filed for benefits within four weeks of being released to return to work by a licensed and practicing health care provider; (2) the claimant files for benefits within 24 months of the date the qualifying injury occurred; and (3) the claimant attempted to return to work with the employer where the qualifying injury occurred, but the individual's regular work or comparable and suitable work was not available.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 30, 2017. Affirmed.

*Melinda G. Young*, of Bretz & Young, of Hutchinson, for appellant.

*Justin McFarland*, special assistant attorney general, deputy general counsel, of Kansas Department of Labor, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

STANDRIDGE, J.:  Claimant, Jay B. Mullen, sustained a workplace injury on April 27, 2011. Mullen remained employed—though unable to work—for the next 2 years, until he was terminated on April 13, 2013. After his physician released him for work on August 22, 2013, Mullen applied for unemployment compensation. The Kansas Department of Labor (KDOL) denied Mullen's application. The Kansas Employment Security Board of Review (the Board) affirmed the KDOL's decision, ruling that Mullen failed to comply with the requirements of K.S.A. 2016 Supp. 44-705(g). Mullen appeals the Board's decision.

FACTS

On April 27, 2011, Mullen, at the time an employee of Correct Care Solutions (CCS), suffered a herniated disk while performing his duties as a licensed practical nurse at the Hutchinson Correctional Facility. Mullen applied for, and received, workers compensation payments but was unable to return to work due to his injury. CCS

terminated Mullen's employment on April 13, 2013. Even after he lost his job with CCS, Mullen's workers compensation doctor did not release him for any full-time work. Mullen eventually sought the second opinion of another doctor, who released him on August 22, 2013, for light or sedentary activity for 4 to 8 hours. On September 15, 2013, Mullen applied for unemployment benefits with the KDOL.

But the KDOL determined Mullen was ineligible to receive unemployment benefits, reasoning: "Claimant did not file for benefits within four weeks of being released to return to work by a licensed and practicing health care provider, in accordance with K.S.A. 44-705[(g)(1)]." Mullen appealed this decision. An appeals referee affirmed the KDOL's conclusion finding Mullen ineligible to receive unemployment benefits but did so for a reason different than that of the KDOL. Specifically, the appeals referee modified the KDOL's decision to find Mullen "ineligible for an alternative base period as he failed to file an unemployment insurance claim with[in] 24 months after the date of the qualifying injury." Mullen appealed to the Board. The Board affirmed the appeals referee's decision without making further findings of its own.

Mullen next filed a petition for judicial review with the district court of Reno County. In his brief to the court, Mullen argued that K.S.A. 2016 Supp. 44-705(g) was ambiguous when applied to his unique circumstances, specifically, in "situations in which the claimant is still considered to be an employee and is paid as an employee 24 months after the qualifying injury, but has not yet been released by a physician to return to work." The district court rejected this argument and ruled: "K.S.A. 44-705(g) is not ambiguous. . . . Petitioner did not file for benefits within 24 months of his qualifying injury. Petitioner does not meet the criteria for use of an alternative base period."

3

On appeal, Mullen contends the Board erroneously interpreted K.S.A. 2016 Supp. 44-705(g)(2) when it denied his application for unemployment benefits. Specifically, Mullen alleges "K.S.A. [2016 Supp.] 44-705(g) is ambiguous when applied to claimants that remain employed more than 24 months following a qualifying injury," and that "the Board's application of K.S.A. [2016 Supp.] 44-705(g) is contrary to Kansas legislative intent and reaches . . . an absurd result when applied to [the facts of his case]."

Under K.S.A. 2016 Supp. 44-709(i), any action of the Board is subject to review in accordance with the Kansas Judicial Review Act (KJRA), which narrows and defines the proper scope of review. See K.S.A. 2016 Supp. 77-621(c). "An appellate court exercises the same statutorily-limited review of the agency's action as the district court, as though the appeal had been made directly to the appellate court." *Johnson v. Kansas Employment Security Bd. of Review*, 50 Kan. App. 2d 606, 610, 330 P.3d 1128 (2014). The burden of proving the invalidity of an agency action is on the party asserting invalidity. K.S.A. 2016 Supp. 77-621(a)(1).

Neither party disputes the facts of this case. Both agree that Mullen sustained a workplace injury on April 27, 2011, was released from his job at CCS on April 13, 2013, was cleared to work on August 22, 2013, and filed for unemployment benefits in September 2013. Both parties also agree that 29 months transpired between the time Mullen was injured and when he applied for unemployment benefits.

The only dispute, then, is whether the Board correctly interpreted K.S.A. 2016 Supp. 44-705(g)(2) and properly found Mullen was ineligible to receive benefits because he filed for unemployment compensation more than 24 months after his qualifying injury. Whether the Board correctly interpreted a provision of Kansas Employment Security Law (KESL) may be reviewed under K.S.A. 2016 Supp. 77-621(c)(4) (court may grant relief

4

if agency erroneously interpreted or applied law). When interpreting a statute, this court exercises unlimited review without deference to the agency's interpretation. *Johnson*, 50 Kan. App. 2d at 611.

As a general rule, a claimant must have worked and received wages during his or her "base period" in order to qualify for unemployment benefits. K.S.A. 2016 Supp. 44-705(e). A base period is "the first four of the last five complete calendar quarters immediately preceding the first day of an individual's benefit year"; that is, the first four quarters immediately preceding the date the individual filed for unemployment benefits. K.S.A. 2016 Supp. 44-703(b) and (d). This specific provision does not apply to Mullen because he was not released to work between April 27, 2011, and August 21, 2013.

K.S.A. 2016 Supp. 44-703(b)(1) provides an alternative rule for claimants like Mullen:

> "If an individual lacks sufficient base period wages in order to establish a benefit year in the manner set forth *above and satisfies the requirements of subsection (g) of K.S.A. 44-705 and subsection (hh) of K.S.A. 44-703* . . . the claimant shall have an alternative base period substituted for the current base period so as not to prevent establishment of a valid claim. For the purposes of this subsection, 'alternative base period' means the last four completed quarters immediately preceding the date the qualifying injury occurred." (Emphasis added.)

Both parties agree that Mullen satisfies the requirements of K.S.A. 2016 Supp. 44-703(hh), which defines a qualifying injury as "a personal injury by accident arising out of and in the course of employment within the coverage of the Kansas workers compensation act." The parties, however, do not agree that Mullen satisfied the requirements set forth in K.S.A. 2016 Supp. 44-705(g). That subsection of the statute provides an unemployed person will be eligible to receive benefits if:

5

"(g) The claimant is returning to work after a qualifying injury and has been paid total wages for insured work in the claimant's alternative base period of not less than 30 times the claimant's weekly benefit amount and has been paid wages in more than one quarter of the claimant's alternative base period if:

(1) The claimant has filed for benefits within four weeks of being released to return to work by a licensed and practicing health care provider;

(2) *the claimant files for benefits within 24 months of the date the qualifying injury occurred*; and

(3) the claimant attempted to return to work with the employer where the qualifying injury occurred, but the individual's regular work or comparable and suitable work was not available." (Emphasis added.) K.S.A. 2016 Supp. 44-705(g).

The Board does not dispute that Mullen satisfied the requirements of K.S.A. 2016 Supp. 44-705(g)(1) and (3) but asserts "by the plain language of [subsection (g)(2)], he is not entitled to an alternative base period." Mullen, on the other hand, renews the contentions he made before the district court and argues K.S.A. 2016 Supp. 44-705(g) is ambiguous when applied to his specific circumstances.

In proceedings below, the district court was not persuaded by Mullen's argument about ambiguity:

"K.S.A. 44-705(g) is not ambiguous. Construction of a statute is required when the statute is ambiguous. A statute is ambiguous when there are two or more interpretations which can fairly be made. *State ex rel. Stephan v. Martin*, 230 Kan. 747, 641 P.2d 1011 (1982). [Mullen] did not file for benefits within 24 months of his qualifying injury. [Mullen] does not meet the criteria for use of an alternative base period."

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. See *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). An appellate court must first attempt to determine

6

legislative intent through the statutory language enacted, giving common words their ordinary meaning. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli*, 303 Kan. at 362. With regard to KESL, "[a]ll persons and employers are entitled to a neutral interpretation of the employment security law." K.S.A. 2016 Supp. 44-702.

As the Board notes in its brief, the language of K.S.A. 2016 Supp. 44-705(g)(2) is clear. In order to qualify for an alternative base period, a claimant must file within 24 months of his or her qualifying injury. Mullen filed his claim 29 months after sustaining his qualifying injury. The end result—in the Board's view—is simple: Mullen does not qualify for an alternative base period, and this court "cannot rewrite the statute, even [if] it creates a fairer result for Mullen."

In response to the Board's decision, Mullen contends it was impossible for him to comply with both subsections (g)(1) and (g)(2) of K.S.A. 2016 Supp. 44-705. This is certainly a fair contention. As previously noted, subsection (g)(1) required Mullen to file for unemployment benefits "within four weeks of being released to return to work by a licensed and practicing health care provider." K.S.A. 2016 Supp. 44-705(g)(1). For its part, subsection (g)(2) mandated that Mullen file his claim within 24 months of receiving his qualifying injury. K.S.A. 2016 Supp. 44-705(g)(2). Combined, these requirements placed Mullen in something of a catch-22. Had Mullen applied for benefits within 24 months of sustaining his injury, he would have been rejected because he was not released to work. And, when Mullen applied for benefits after his physician released him for work, he was already ineligible because he did not file his claim within 24 months after sustaining his qualifying injury.

7

Mullen relies on the court's opinion in *Johnson* to support his contention that the language of K.S.A. 2016 Supp. 44-705(g) is ambiguous when applied to his particular circumstances. In *Johnson*, a panel of this court examined K.S.A. 2013 Supp. 44-706(a) to determine whether the claimant was disqualified from receiving all unemployment compensation benefits when he voluntarily left his secondary job. At the time, K.S.A. 2013 Supp. 44-706(a) stated: "'An individual shall be disqualified for benefits: (a) If the individual left work voluntarily without good cause attributable to the work or the employer . . . .'" 50 Kan. App. 2d at 611. Much like this case, the Board in *Johnson* broadly applied K.S.A. 2013 Supp. 44-706(a) based on what it viewed as the plain language of the statute. 50 Kan. App. 2d at 610-14.

This court rejected the Board's interpretation: "Since the statute is ambiguous when applied to this factual scenario, we may look beyond the statutory language to construe the legislature's intent." 50 Kan. App. 2d at 612. Using KESL's interpretation guide from K.S.A. 2013 Supp. 44-702, the panel found that "the Board's interpretation of K.S.A. 2013 Supp. 44-706(a) to disqualify a claimant from unemployment compensation benefits related to *all* jobs . . . is at odds with the public policy to protect workers and their families from economic insecurity due to involuntary unemployment." 50 Kan. App. 2d at 612.

Mullen claims this case is almost identical to *Johnson* and argues that K.S.A. 2016 Supp. 44-705(g) is similarly "silent as to whether a claimant is disqualified in the unique situation that subsection (1) and subsection (2) are mutually exclusive because they do not occur within the same time period." He urges this court to adopt the approach employed in *Johnson* and find that the statute is ambiguous as applied to this specific set of facts. Assuming we do so, Mullen then asserts that the Board's interpretation of K.S.A. 2016 Supp. 44-705(g) "is at odds with the public policy" set forth in K.S.A. 2016 Supp. 44-702, which is "to protect Kansas workers and their families from economic insecurity due to unemployment caused by no fault of their own."

8

But the Board distinguished the facts in this case from those presented in *Johnson*. The Board noted that the *Johnson* court "grappled with ambiguity—indeed evident statutory silence," whereas "there is no statutory silence or ambiguity" in the present case. Kansas law supports the Board's position. In *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 214 P.3d 676 (2009), the Kansas Supreme Court interpreted the language of the Kansas Workers Compensation Act (KWCA). Reviewing the statutory provisions, the court found:

> "When a workers compensation statute is plain and unambiguous, this court must give effect to its express language rather than determine what the law should or should not be. The court will not speculate on legislative intent and will not read the statute to add something not readily found in it. If the statutory language is clear, no need exists to resort to statutory construction. [Citation omitted.]" 289 Kan. at 607-08.

Subsequently, in *Tyler v. Goodyear Tire & Rubber Co.*, 43 Kan. App. 2d 386, 224 P.3d 1197 (2010), a panel of this court relied on *Bergstrom*, and, in the context of the KWCA, stated:

> "[T]he Board's decision nonetheless is foreclosed by our Supreme Court's rulings in *Casco* [*v. Armour Swift-Eckrich*, 283 Kan. 508, 154 P.3d 494 (2007)], *Graham* [*v. Dokter Trucking Group*, 284 Kan. 547, 161 P.3d 695 (2007)], and *Bergstrom*. These cases make a number of points clear:
> - K.S.A. 44-510e(a) is a simple mathematical calculation;
> - Judicial notions regarding the legislature's intent in the enactment of K.S.A. 44-510e(a) are not favored; and
> - Judicial blacksmithing will be rejected even if such judicial interpretations have been judicially implied to further the perceived legislative intent." 43 Kan. App. 2d at 391.

9

The concepts articulated in *Bergstrom* and *Tyler* support the Board's argument. K.S.A. 2016 Supp. 44-705(g) plainly provides that an individual does not qualify for an alternative base period if he or she does not file an unemployment claim within 24 months of sustaining a qualifying injury. There is nothing ambiguous about this simple mathematical calculation, nor does the provision's language suggest the legislature intended anything other than what it provided. To be sure, the outcome in Mullen's case is not particularly fair. But, as the *Tyler* panel noted, *Bergstrom* admonishes courts to refrain from adding language to otherwise clear statutes.

Admittedly, the precise rationale employed by this court in *Tyler* and the Supreme Court in *Bergstrom* (both workers compensation cases) has not been adopted in unemployment cases heard by this court. Nevertheless, other panels of this court have at least tacitly acknowledged that *Bergstrom* applies—to some degree—in unemployment compensation cases. See *Johnson*, 50 Kan. App. 2d at 611 (citing *Bergstrom*, 289 Kan. at 607) ("The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained."); *Tipton v. Kansas Employment Security Bd. of Review*, No. 109,006, 2014 WL 642080, at *3 (Kan. App. 2014) (unpublished opinion) (same).

Employing the legal analysis of *Bergstrom* and *Tyler*, we find the language of K.S.A. 2016 Supp. 44-705(g) unambiguous. Thus, the Board did not err in deciding Mullen was not entitled to unemployment compensation.

Affirmed.