NOT DESIGNATED FOR PUBLICATION

No. 117,533

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of VOGUE HOSPITALITY, L.L.C.
for the Tax year 2015 in Lyon County, Kansas.

MEMORANDUM OPINION

Appeal from Board of Tax Appeals. Opinion filed June 29, 2018. Reversed and remanded with directions.

*Monte L. Miller*, of Miller & Miller, Chtd., of Emporia, for appellant Board of Lyon County Commissioners.

No appearance by appellee Vogue Hospitality, L.L.C.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: On March 16, 2017, the Kansas Board of Tax Appeals (BOTA) issued a summary decision regarding the appraised value of Vogue Hospitality's property in Emporia for the year 2015. BOTA mailed a copy of its decision to the Lyon County Appraiser. The appraiser contends that the summary decision was received at his office on March 20, 2017. In a letter dated March 31, 2017, the appraiser requested that BOTA issue a full and complete opinion regarding its decision. BOTA received the appraiser's written request on April 4, 2017. BOTA denied the request based on the contention that it was not timely. The Board of Lyon County Commissioners appeals, claiming that the appraiser's request was timely.

We review an agency's interpretation of statutes de novo. See *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013). When conducting our de novo review of the applicable statutes, the intent of the Legislature governs if that intent

1

can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). In doing so, we first consider the plain language of the statutes, giving common words their ordinary meanings. When the plain language of the statutes is unambiguous, we do not speculate about legislative intent behind that clear language, and we refrain from reading something into the statutes that is not readily found in their words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

K.S.A. 2016 Supp. 74-2426(a) provides in pertinent part:

"Orders of the state board of tax appeals on any appeal, in any proceeding under the tax protest, tax grievance or tax exemption statutes or in any other original proceeding before the board shall be rendered and served in accordance with the provisions of the Kansas administrative procedure act. . . . Any aggrieved party, within 14 days of *receiving* the board's decision, may *request* a full and complete opinion be issued by the board in which the board explains its decision." (Emphasis added.)

Under the Kansas Administrative Procedure Act, specifically K.S.A. 2016 Supp. 77-613(e), when any matter is served by mail, the time for responding is extend for an additional three days.

Given the plain language of K.S.A. 2016 Supp. 74-2426(a) and K.S.A. 2016 Supp. 77-613(e), the appraiser had to submit his request to BOTA for a full and complete opinion within 14 days of receiving BOTA's summary decision plus 3 additional days if he sent the request by mail. The appraiser apparently received BOTA's summary decision on March 20, 2017. Fourteen days later was April 3, 2017. If he sent his request by mail, the deadline was extended three days to April 6, 2017. The appraiser's request for a full opinion is dated March 31, 2017. He sent it to BOTA by mail. BOTA received it on April 4, 2017, two days before the deadline. The appraiser's March 31, 2017 request was timely. BOTA erred in rejecting the appraiser's request as untimely. BOTA should have

2

issued a full and complete opinion regarding the appraised value of Vogue Hospitality's property in Emporia.

Reversed and remanded to BOTA for issuance of a full and complete opinion.