NOT DESIGNATED FOR PUBLICATION

No. 118,651

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
CODY LEE ALLEN.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed August 10, 2018. Affirmed.

*Matthew B. Metcalf*, of Wellington, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM:  Cody Lee Allen appeals his civil commitment as a sexually violent predator under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 2017 Supp. 59-29a01 et seq. Allen claims there was insufficient evidence presented at the bench trial to establish that he was a sexually violent predator, as defined by K.S.A. 2017 Supp. 59-29a02(a). For the reasons below, the State presented sufficient evidence to establish that Allen was a sexually violent predator beyond a reasonable doubt.

In 2010, Allen pleaded guilty to indecent solicitation of a minor. According to the clinical services and forensic evaluation reports, this conviction stemmed from Allen's inappropriate sexual relationship with a 15-year-old girl when Allen was 19. While on probation for that conviction in 2011, law enforcement officers caught Allen with a different 15-year-old girl. According to the clinical services and forensic evaluation reports, Allen admitted to an inappropriate sexual relationship with the girl, and officers

1

discovered nude photos of her on his cell phone. This time, Allen was convicted of sexual exploitation of a child and sentenced to prison.

Before Allen's anticipated release date, the State filed a petition on March 13, 2017, seeking to have him deemed a sexually violent predator under the KSVPA and to have him involuntarily committed. The next day, the district court made a preliminary determination that Allen was a sexually violent predator based on the State's petition and the attached clinical services report. On April 4, 2017, the district court conducted a preliminary hearing and found probable cause that Allen was a sexually violent predator. Upon that finding, the district court transferred Allen to Larned State Hospital for further evaluations.

The district court presided over a bench trial on October 30, 2017. The State called Dr. Derek Grimmell, who was previously employed as a forensic psychologist by the Kansas Department of Corrections, where he evaluated Allen. Dr. Grimmell's evaluation process included reviewing numerous records, conducting actuarial tests, and interviewing Allen. He testified he learned Allen had two convictions for sexually violent offenses. Dr. Grimmell testified he diagnosed Allen with, as relevant here, alcohol and marijuana use disorder and hebephilia—an other specified paraphilic disorder. Hebephilia, according to Dr. Grimmell, is a sexual attraction to pubescent but under-age females. Dr. Grimmell testified that based on these diagnoses, Allen was likely to reoffend for a sexually violent crime and Allen had serious difficulty controlling his dangerous behavior. Dr. Grimmell further testified about various actuarial tests taken by Allen, all of which revealed an increased chance to reoffend for a sexually violent offense. Dr. Grimmell concluded by testifying his opinion was that Allen was a sexually violent predator, as defined by the KSVPA.

The State next called Dr. Mitchell Flesher, a licensed Kansas psychologist who works in private practice. Dr. Flesher's practice maintains a contract with Larned State

2

Hospital to assess possible sexually violent predators. Dr. Flesher recounted his evaluation process in general and in this case. Dr. Flesher testified that from a review of Allen's records, he determined Allen had two prior convictions for sexually violent offenses. He testified he diagnosed Allen with an other specified paraphilic disorder, hebephilia. Based on the hebephilia diagnosis, Dr. Flesher opined that Allen was likely to engage in repeat acts of sexual violence and Allen had serious difficulty controlling his dangerous behavior. As part of his examination, Dr. Flesher administered many actuarial tests to Allen, each showing an increased chance to reoffend.

The State called only these two witnesses, and the defense called no witnesses. Still, this case involves a highly contested issue—the hebephilia diagnosis, a controversial diagnosis in the psychiatric profession. As testified by Dr. Grimmell and Dr. Flesher, the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V), does not specifically acknowledge hebephilia as a mental disorder. The controversy derives from whether an attraction to pubescent adolescents is a mental disorder, or whether it is only a crime because society deemed this conduct improper. Some mental health professionals do not believe hebephilia is a well-founded diagnosis. Other mental health professionals find hebephilia to be a sound diagnosis.

Despite the controversy, the district court found Allen to be a sexually violent predator. At the close of trial, the court pronounced its ruling from the bench, which it later memorialized in a written journal entry. The district court ruled the State had proved Allen had prior convictions for sexually violent crimes; he was likely to engage in repeat acts of sexual violence, posing a threat and a menace to society; and he had serious difficulty controlling his dangerous behavior. The court ruled the State had proved hebephilia was a mental abnormality under the KSVPA beyond a reasonable doubt, deeming Allen a sexually violent predator. The court committed Allen to the custody and control of the Kansas Secretary for Aging and Disability Services for treatment at Larned State Hospital.

3

On November 2, 2017, the district court filed its journal entry of judgment, which echoed its ruling and commitment from the bench. Allen appeals.

*Sufficiency of the Evidence*

On appeal, Allen claims the State presented insufficient evidence for the district court to civilly commit him as a sexually violent predator. Allen first argues the State failed to prove he suffered from a mental abnormality. In essence, Allen contends the hebephilia diagnosis does not fit the statutory definition of a mental abnormality, and as hebephilia was his only diagnosis related to sexual inappropriateness, then the mental abnormality element is absent. Allen next insists the State failed to prove he was likely to engage in repeated acts of sexual violence and he had difficulty controlling his dangerous behaviors. In support, Allen does no more than reargue the evidence. The State responds by asserting it presented sufficient evidence to support Allen's civil commitment under the KSVPA.

*Standard of Review*

When presented with an issue of whether evidence was sufficient to sustain the State's burden of proof in a sexually violent predator case, this court's standard of review asks whether, after review of all the evidence, viewed in the light most favorable to the State, we are convinced a reasonable fact-finder could have found the State met its burden to show beyond a reasonable doubt that the individual in question is a sexually violent predator. See *In re Care & Treatment of Colt*, 289 Kan. 234, 243-44, 211 P.3d 797 (2009); *In re Care & Treatment of Hay*, 263 Kan. 822, 842, 953 P.2d 666 (1998). Appellate courts do not reweigh the evidence, determine the credibility of witnesses, or resolve conflicts in evidence. *In re Care & Treatment of Williams*, 292 Kan. 96, 104, 253 P.3d 327 (2011).

4

In addition to sufficiency of the evidence, this case involves statutory interpretation—whether hebephilia constitutes a mental abnormality. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

*Discussion*

"'Sexually violent predator' means any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence." K.S.A. 2017 Supp. 59-29a02(a). Our Supreme Court interprets this definition as requiring the State to prove four elements beyond a reasonable doubt:

> "(1) [T]he individual has been convicted of or charged with a sexually violent offense, (2) the individual suffers from a mental abnormality or personality disorder, (3) the individual is likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder, and (4) the individual has serious difficulty controlling his or her dangerous behavior. See K.S.A. 2010 Supp. 59-29a02(a); [*Kansas v. Crane*, 534 U.S. 407, 413, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002)]; PIK Civ. 4th 130.20." *Williams*, 292 Kan. at 106.

5

*First Element*

Allen concedes the first element, as he was convicted of indecent solicitation of a child and sexual exploitation of a child. See K.S.A. 2017 Supp. 59-29a02(e)(6), (8);

*Second Element*

As for the second element, Allen urges us to find it lacking because the State's experts disclosed that the psychiatric community could not agree whether hebephilia was a valid mental health diagnosis. Allen points out the DSM-V does not expressly recognize hebephilia as a valid diagnosis. Neither party disputes whether Allen was diagnosed with a personality disorder; he was not.

Here, the State presented sufficient evidence Allen suffered from a mental abnormality, specifically hebephilia. "'Mental abnormality' means a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others." K.S.A. 2017 Supp. 59-29a02(b).

At the commitment trial, Dr. Grimmell testified he diagnosed Allen with an other specified paraphilic disorder specifically called hebephilia disorder—a mental abnormality under the KSVPA. Dr. Grimmell explained he did not reach that diagnosis lightly, and he requires two distinct justifications to reach such a diagnosis: a pattern of misconduct and admission of a prurient sexual interest in young girls. Dr. Grimmell based Allen's hebephilia diagnosis on his repeated inappropriate sexual encounters with underage girls and Allen confirming his sexual interest in 13- to 15-year-old girls. Dr. Grimmell also diagnosed Allen with marijuana and alcohol use disorder, both of which disinhibit Allen's ability to control his hebephilia. His basis for these diagnoses came from interviews, tests, and Allen's records.

6

Dr. Flesher confirmed Dr. Grimmell's hebephilia diagnosis. He testified hebephilia was a mental abnormality pursuant to the KSVPA. As with Dr. Grimmell, Dr. Flesher's basis for this diagnosis came from interviews, tests, and Allen's records. Dr. Flesher provided no other diagnoses that conformed to a mental abnormality or personality disorder.

Allen emphasizes the mental health community purposefully excluded hebephilia from the DSM-V because of the dispute over whether hebephilia is a mental disorder. According to the mental abnormality definition, however, the Legislature did not restrict mental abnormalities to those in the DSM-V. *In re Care & Treatment of Lowry*, 48 Kan. App. 2d 773, 793, 277 P.3d 1193 (2012) ("[T]here is no indication that the legislature intended mental abnormalities or personality disorders to be limited to those specifically referenced in the DSM-IV."); *In re Care & Treatment of Dahl*, No. 96,728, 2007 WL 2768036, at *2 (Kan. App. 2007) (unpublished opinion) ("The KSVPA does not require the State to prove that a mental abnormality or personality disorder is recognized in the DSM-IV."). The experts diagnosed Allen with an other specified paraphilic disorder, a broad category of mental disorders recognized by the DSM-V. Within that broad category, the experts narrowed their diagnosis down to hebephilia. Finally, this court has found hebephilia to qualify as a mental abnormality consistent with the KSVPA definition of a mental abnormality. See *Dahl*, 2007 WL 2768036, at *2. Accordingly, hebephilia falls within the KSVPA definition of a mental abnormality.

Based on Dr. Grimmell's and Dr. Flesher's testimony, the State presented sufficient evidence Allen suffered from a mental abnormality, hebephilia. In essence, they testified Allen's hebephilia condition affected his emotional and volitional capacity, which, in turn, predisposed him to commit sexually violent offenses to a degree causing him to be a menace to the health and safety of others—the statutory definition of a mental abnormality. This is all the statute demands. Plus, Dr. Grimmell testified Allen's

7

substance use disorders enhanced the negative effects of his hebephilia disorder. Finally, this court cannot reconsider the hebephilia controversy on appeal; the district court heard the controversy and sided with the State. See *Williams*, 292 Kan. at 104. Viewing the evidence in a light most favorable to the State, a reasonable fact-finder could have found the State met its burden to prove the second element beyond a reasonable doubt.

### *Third and Fourth Elements*

Allen contends the State failed to prove the third and fourth elements of the KSVPA. The third element, likely to engage in repeat acts of sexual violence, means "the person's propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others." K.S.A. 2017 Supp. 59-29a02(c). The fourth element, difficulty controlling his dangerous behavior, is self-defining, as the Legislature provided no additional definitions. See K.S.A. 2017 Supp. 59-29a02.

At the commitment trial, Dr. Grimmell and Dr. Flesher both testified Allen was likely to engage in repeat acts of sexual violence because of his hebephilia disorder. They further testified Allen had serious difficulty controlling his dangerous behavior. They concluded that Allen met the statutory criteria of a sexually violent predator. Both experts agreed their objective testing methods all placed Allen at an increased risk of reoffending if released.

From this evidence, the State sufficiently proved the third and fourth elements. Above all, Allen is merely seeking a reexamination of the evidence on appeal. In his brief, he lays out the evidence and asserts we cannot construe it as proof beyond a reasonable doubt. Yet appellate courts do not reweigh the evidence, determine the credibility of witnesses, or resolve conflicts in the evidence. *Williams*, 292 Kan. at 104. Plus, the State's experts testified to every element and to data and facts which supported their opinions. Viewing the evidence in the light most favorable to the State, a reasonable

fact-finder could conclude Allen was likely to commit repeat acts of sexual violence and he had difficulty controlling his dangerous behavior, in line with the statutory definition of a sexually violent predator.

In the end, the State established all four elements beyond a reasonable doubt. We affirm the district court's judgment that Allen is a sexually violent predator as defined by the KSVPA.

Affirmed.