NOT DESIGNATED FOR PUBLICATION

No. 121,511

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY J. BURCH,
*Appellant*,

v.

KANSAS DEPARTMENT OF AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed December 13, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jessica F. Conrow*, senior legal counsel, Kansas Department for Aging and Disability Services, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Timothy J. Burch has been civilly committed to the custody of the Secretary for the Kansas Department for Aging and Disability Services (KDADS) under the Kansas Sexually Violent Predator Act (SVPA) since 2002. On March 1, 2018, Burch filed a petition for a writ of habeas corpus under K.S.A. 60-1501, alleging that his continued civil commitment and lack of advancement in the Kansas Sexual Predator Treatment Program (SPTP) violated his constitutional rights. The district court summarily dismissed Burch's claims after finding that it lacked subject matter jurisdiction because Burch failed to bring his claims under the Kansas Judicial Review Act (KJRA)

1

and also because he failed to exhaust his administrative remedies. Burch now appeals, claiming that the district court's summary dismissal of his claims for habeas corpus relief constituted reversible error. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Burch was civilly committed to the custody of the Secretary of Social and Rehabilitation Services (SRS) under the SVPA. Since then, Burch has been a resident of the SPTP at Larned State Hospital. In 2012, custody of Burch was transferred to KDADS when it took over control of the SPTP from SRS. Four years later, in 2016, KDADS restructured the SPTP into a three-tier program at which point, despite his purported progress under the old system, Burch was placed into tier one, the lowest tier of the restructured program. By August 2017, however, Burch believed that he had satisfied the criteria to be advanced to tier two. He met with the SPTP Progress Review Panel (PRP) on November 14, 2017, and made his case for advancement. The PRP denied his request because it purportedly did not like his attitude and thought he was too angry. Burch met with the PRP a second time on February 7, 2018, but was again denied advancement, allegedly for the same reasons.

On March 1, 2018, Burch filed a petition seeking habeas corpus relief under K.S.A. 60-1501. In that petition, Burch argued that his continued civil commitment and lack of advancement within the SPTP violated his constitutional rights. Simultaneously, Burch filed a motion to proceed without exhausting his administrative remedies. He acknowledged that K.S.A. 2018 Supp. 59-29a24 requires a person committed under the SVPA to exhaust his or her administrative remedies before filing a civil action, including an action under K.S.A. 60-1501 et seq., but he argued that the administrative remedies available to him were neither adequate nor meaningful and therefore pursuing those avenues for relief would be futile.

On July 3, 2018, the district court issued a writ of habeas corpus and directed the State to respond to Burch's claims for relief. The State did so on September 13, 2018, by filing a motion to dissolve the writ and dismiss Burch's claims with prejudice. The State argued that the district court lacked subject matter jurisdiction because Burch failed to exhaust his administrative remedies and also failed to bring his action under the KJRA. Specifically, the State noted that Burch's claims could be reviewed under SPTP Policy 7.1 which outlines the resident grievance process. The district court agreed and, on December 19, 2018, summarily dismissed Burch's claims after finding that it lacked subject matter jurisdiction due to his failure to exhaust his administrative remedies. Burch timely appeals.

### DID THE DISTRICT COURT ERR WHEN IT SUMMARILY DISMISSED BURCH'S PETITION FOR HABEAS CORPUS RELIEF AFTER FINDING THAT HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES?

Burch argues that the district court erred when it summarily dismissed his petition for habeas corpus relief under K.S.A. 60-1501 after finding that it lacked subject matter jurisdiction because Burch failed to exhaust his administrative remedies. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49.

See K.S.A. 2018 Supp. 60-1503(a).

3

An appellate court exercises unlimited review of such a summary dismissal. 289 Kan. at 649.

Burch makes two claims of error: (1) That the district court incorrectly found that he failed to exhaust administrative remedies that were available to him; and (2) that the exhaustion requirement of the KJRA unconstitutionally suspends his right to habeas corpus relief.

*Exhaustion*

Burch first argues that the district court erred when it found that it lacked subject matter jurisdiction to hear his claim because he failed to exhaust his administrative remedies.

Pursuant to K.S.A. 2018 Supp. 59-29a24:

"Any person civilly committed pursuant to the [SVPA], prior to filing any civil action, including, but not limited to, an action pursuant to K.S.A. 60-1501 et seq., and amendments thereto, naming as the defendant the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary for [KDADS] or an employee of [KDADS], while such employee is engaged in the performance of such employee's duty, shall be required to have exhausted all administrative remedies concerning such civil action. Upon filing a petition in a civil action, such person shall file with such petition proof that all administrative remedies have been exhausted."

Similarly, under K.S.A. 2018 Supp. 59-29a22(f)(1):

"Proceedings under [the SVPA] or any other appeal concerning an action by [KDADS] shall be governed by the Kansas administrative procedure act [(KAPA)] and the [KJRA]. A person appealing any alleged violations of [the SVPA] or any other agency determination shall exhaust all administrative remedies available through the

4

Larned state hospital, including the [SPTP], before having any right to request a hearing under [KAPA]."

Where a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Accordingly, under the plain and unambiguous language of K.S.A. 2018 Supp. 59-29a22(f) and K.S.A. 2018 Supp. 59-29a24, Burch was required to exhaust the administrative remedies available to him before seeking judicial review of his claims.

Burch claims that there were no administrative remedies available for him to grieve the PRP's denial of his request to advance to tier two of the SPTP. That claim is simply not supported by the record. As the State correctly notes, Burch could have sought review of the PRP's decision under existing SPTP policies, specifically SPTP Policy 7.1 which governs the resident grievance process. Pursuant to that policy, a resident may file a grievance with the SPTP Due Process Coordinator concerning issues with the SPTP, including his or her lack of advancement within the program. If the Due Process Coordinator is unable to resolve the resident's issue, then the resident may appeal to the SPTP Program Director. If the issue is still unresolved, then the resident may file a third appeal, this time under KAPA, to the Office of Administrative Hearings (OAH). Finally, at that point, if the resident believes that issues remained unresolved, then he or she would have exhausted the available administrative remedies and would be free to seek judicial review of that final agency determination. See K.S.A. 2018 Supp. 59-29a22(f)(1); K.S.A. 2018 Supp. 59-29a24; see also K.S.A. 2018 Supp. 77-612 ("A person may file a petition for judicial review under [the KJRA] only after exhausting all administrative remedies available within the agency whose action is being challenged.").

5

Burch attempts to refute this fact by arguing that the SPTP policies, including Policy 7.1, are unenforceable because "there is no statutorily defined entity for the secure confinement component of [the SVPA], no regulatory structure by KDADS, and no such authority to promulgate rules or regulations by this state sanctioned prison within the Larned state hospital compound." That argument ignores the express statutory authority that the SVPA grants to KDADS. Specifically, under K.S.A. 2018 Supp. 59-29a22(d), KDADS is required to establish procedures to assure protection of the rights guaranteed to individuals that are civilly committed under the SVPA. It did so by establishing the SPTP policies, including Policy 7.1 which created procedures and mechanisms that those committed under the SVPA could utilize to seek relief. Indeed, SPTP Policy 7.1 specifically references K.S.A. 2018 Supp. 59-29a22(d) as a source of its authorization. Burch's argument is without merit and his failure to exhaust his administrative remedies deprived the district court and this court of subject matter jurisdiction.

*Constitutionality*

Burch also argues that the provisions of the SVPA that require him to exhaust his administrative remedies unconstitutionally suspend his right to seek habeas corpus relief. As a preliminary matter, it must first determine whether Burch properly preserved this issue for appellate review. As a general rule, issues not raised before the trial court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). This includes constitutional grounds for reversal which, if raised for the first time on appeal, are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). While there are a number of exceptions to this general rule, Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why one of those exceptions should apply (i.e., why an issue that was not raised below should be considered for the first time on appeal). See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008) (detailing the exceptions). Failure to do so risks a ruling that the issue is

6

improperly briefed and is therefore waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); see also *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Strictly enforcing Rule 6.02[a][5] and holding that "[w]e are now sufficiently post-*Williams* that litigants have no excuse for noncompliance."). Such is the case here where Burch does not provide an explanation for or even acknowledge that he is raising this constitutional issue for the first time on appeal. As a result, it is appropriate to decline to reach the merits of Burch's constitutional claim and dismiss his appeal as improperly briefed and, therefore, waived and/or abandoned. See *Godfrey*, 301 Kan. at 1044; *Williams*, 298 Kan. at 1085. Furthermore, Burch makes no claim of a loss of any liberty interest.

Affirmed.