NOT DESIGNATED FOR PUBLICATION

No. 121,521

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC WADE HARBACEK,
*Appellant*,

v.

SAM CLINE, Warden EDCF, et al.,
*Appellees*.


MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed February 28, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.


Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Eric Wade Harbacek appeals from the district court's order summarily dismissing his K.S.A. 2018 Supp. 60-1501 petition. Harbacek contends that under K.S.A. 2018 Supp. 22-3717(f), his indeterminate sentences were completed when the Kansas Department of Corrections (KDOC) paroled him in 2015 with the condition that he serve a driving under the influence of alcohol (DUI) jail sentence. This DUI sentence was originally ordered to be served consecutive to Harbacek's indeterminate sentences. After review, we find no error and affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Harbacek was arrested and charged with DUI in Reno County case No. 09CR737 (2009 case). At the time of his arrest, Harbacek was on parole from indeterminate sentences arising from his 1990 aggravated burglary conviction in Reno County case No. 90CR251 (1990 case) and his 1991 aggravated assault of a law enforcement officer, aggravated burglary, and aggravated assault convictions in Reno County case No. 91CR268 (1991 case). See *State v. Harbacek*, No. 111,687, 2015 WL 3632321, at *1 (Kan. App. 2015) (unpublished opinion).

Harbacek was convicted of the DUI. Upon this conviction, Harbacek was sentenced to 6 months in jail with 12 months' postrelease supervision. This sentence in the 2009 case was ordered to be served consecutive to his prior sentences in the 1990 and 1991 cases. Additionally, this conviction resulted in the revocation of his parole in the 1990 and 1991 cases. Harbacek was returned to KDOC custody in 2013 to continue serving his indeterminate sentences in the 1990 and 1991 cases. Reno County issued a detainer for Harbacek on his 2009 DUI case when he returned to prison.

After serving additional prison time on the 1990 and 1991 cases, the parole board again paroled Harbacek on August 3, 2015. Importantly, his parole plan included serving the sentence secured by the detainer lodged against him by Reno County in his 2009 DUI case. After he completed his Reno County jail sentence, Harbacek was released from jail and returned to parole, where he remained until absconding in July 2018. Harbacek was eventually apprehended and returned to KDOC custody in September 2018. This most recent parole revocation is the impetus for Harbacek's current challenge to his continued confinement in which he argues that he has fully satisfied his sentences under K.S.A. 2018 Supp. 22-3717(f).

In 2018, after exhausting his administrative remedies, Harbacek filed a K.S.A. 60-1501 petition contending he was being illegally held at the El Dorado Correctional Facility. In his petition, Harbacek asserted that the sentences he was currently serving in the 1990 and 1991 cases had been completed and terminated because he had completed serving his 2009 DUI jail sentence.

On April 18, 2019, the Butler County District Court dismissed Harbacek's K.S.A. 60-1501 petition for failure to state a claim upon which relief can be granted. The district court ruled that K.S.A. 2018 Supp. 22-3717(f) did not alter Harbacek's pre-1993 indeterminate sentences, but rather the statute provides a procedure for calculating his post-1993 sentence.

Harbacek timely appeals.

ANALYSIS

On appeal, Harbacek contends the district court incorrectly dismissed his K.S.A. 60-1501 petition for failure to state a claim because he is being held past the balance of his indeterminate sentences in the 1990 and 1991 cases. Harbacek argues that he is being held illegally because the balance of his indeterminate sentences were extinguished when KDOC paroled him in 2015 with the condition that he serve his 2009 DUI jail sentence, which was ordered to be served consecutive to his indeterminate sentences. In response, the State contends that K.S.A. 2018 Supp. 22-3717(f) provides for a method to calculate post-1993 sentences when pre-1993 sentences are also involved but it does not provide for extinguishment of sentences.

We begin with a brief summary of the law relevant to this appeal. To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature."

3

*Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2018 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. *Johnson*, 289 Kan. at 649.

To the extent that resolution of this appeal requires statutory interpretation, our review is unlimited. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. 309 Kan. at 149. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

The parties agree that continued incarceration beyond the completion of a lawful sentence rises to the level of shocking or intolerable conduct. The question then becomes whether under K.S.A. 2018 Supp. 22-3717(f) Harbacek's sentences were extinguished when he served his post-1993 DUI sentence while on parole from his pre-1993 indeterminate sentences.

The relevant portion of K.S.A. 2018 Supp. 22-3717(f) provides:

> "If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on . . . parole . . . for a crime committed prior to July 1, 1993 . . . the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence."

4

This statutory language is plain and unambiguous.

Although neither party mentions it, there is a question whether the plain language of K.S.A. 2018 Supp. 22-3717(f) applies to Harbacek because he was not sentenced to prison for his 2010 DUI conviction; rather, he was sentenced to jail. Assuming the statute does apply to Harbacek, however, its plain language does not alter, modify, or extinguish his pre-1993 indeterminate sentences—it simply provides a procedure for calculating his post-1993 sentence.

As applied to this case on appeal, Harbacek was sentenced to jail for his 2010 DUI—a crime committed after 1993—while he was on parole for the crimes committed in 1990 and 1991. Harbacek's 2010 DUI sentence was not aggregated with his 1990 and 1991 sentences but it started when he was paroled on the 1990 and 1991 sentences. As a result, the procedure employed by KDOC tracks precisely with the calculation mandated by K.S.A. 2018 Supp. 22-3717(f).

Finally, Harbacek's argument ignores that in Kansas there are two ways to complete an indeterminate sentence: (1) serve to the maximum date; or (2) obtain a final discharge from the parole board (now the Prisoner Review Board). See K.S.A. 2018 Supp. 22-3722 ("When an inmate on parole or conditional release has performed the obligations of the release for such time as shall satisfy the prisoner review board that final release is not incompatible with the best interest of society and the welfare of the individual, the board may make a final order of discharge and issue a certificate of discharge to the inmate."). Neither of these conditions have occurred in this case. Harbacek's argument lacks merit.

In summary, K.S.A. 2018 Supp. 22-3717(f) simply provides a procedure for calculating a post-1993 sentence when it follows a pre-1993 sentence. Based on a plain reading of the statute, we hold it does not provide for automatic extinguishment of

5

sentences. Because Harbacek is not being confined past his maximum sentence and has not been discharged by the Prisoner Review Board, there is no shocking and intolerable conduct by KDOC. The district court did not err in summarily dismissing Harbacek's K.S.A. 60-1501 petition for failure to state a claim upon which relief can be granted.

Affirmed.